### HOLLOWAY *v.* BAKER.

The fact that an appeal was taken and allowed from a judgment rendered by a justice of the peace, more than ten days before the first term of the district court, after the appeal was taken, and that the justice failed to return the original papers, with a transcript of the entries on his docket, to the district court, until after said first term had elapsed, constitutes no ground for affirming the judgment of the justice, on motion of the appellee, at a subsequent term.

The law does not affix, as a penalty on the appellant, for a failure of the justice to do his duty, that the judgment shall be affirmed.

*Appeal from the Mahaska District Court.*

### SATURDAY, APRIL 10.

This cause was originally tried before a justice of the peace, and judgment rendered for the defendant. The plaintiff, on the same day, filed his recognizance for an appeal to the district court, with sureties approved by the justice, and the appeal was allowed. The justice did not make his return, with the original papers, and a transcript of the entries on his docket, to the first term of the district court, after the appeal was taken, though said term was held more than ten days thereafter. Before the commencement of the second term, however, the transcript and papers were filed in the district court; and, on the second day of the term, the defendant moved the court to affirm the judgment, for the reason that the cause was appealed more than ten days before the first term of the

district court after the appeal was taken, and the transcript and the papers, from the justice of the peace, were not filed in said court until the said first term had elapsed. This motion was sustained, and the judgment of the justice affirmed, from which the plaintiff appeals.

*W. H. & J. A. Seevers,* for the appellant.

*Rice & Loughridge,* for the appellee.

STOCKTON, J.—We think the court erred in affirming the judgment, under the circumstances. The appeal was allowed and perfected on the day on which the judgment was rendered by the justice of the peace. In such case, the law does not require that notice of the appeal should be served on the appellee. It is the duty of the justice to make his return to the district court, five days before the beginning of the term. On his failure to do so, he may be compelled, by rule of court, to make or amend his return. Code, section 2338. The law does not, however, affix, as a penalty on the party, for the failure of the justice to do his duty, and file the transcript and papers, that the judgment shall be affirmed. When the return of the justice is filed in the office of the clerk, whenever that may be, the cause is to be deemed in the district court. Code, sec. 2337. On the neglect or refusal of the appellant, to take any measures to get the cause into the district court, after an appeal taken, the appellee may have the cause docketed himself, and the appeal dismissed, or the judgment affirmed, as justice may seem to require. In this instance, the justice had made his return, and the cause was regularly in court, before the term at which the motion of appellee was made to affirm the judgment. Under the circumstances, the judgment of the district court must be reversed.

Judgment reversed.