Lord *v.* Gaddis.

An action on a penal bond, for the recovery of damages, is an action founded on contract.

In an action on a penal bond, for the recovery of damages, it is not necessary, in order to obtain an attachment, that the petition should be presented to, and the attachment allowed by, some judge of the

supreme, district, or county courts, under section 1851 of the Code.
Where, in an action for the recovery of damages on a penal bond, the
the penalty named in the bond was five hundred dollars, which penalty
was not intended as liquidated damages, and the plaintiff claimed one
thousand dollars, and in order to obtain an attachment, made an
affidavit that that sum was due him from the defendant; and where the
defendant moved to quash the attachment on the ground: 1. That the
action was not founded on contract, and the attachment had not been
presented and allowed, as required by section 1851 of the Code; 2.
that the sum claimed was unconscionable and unreasonable, and the
petition did not state, as nearly as practicable, the amount due; which
motion was overruled: *Held*, That the motion was properly overruled.

*Appeal from the Polk District Court.*

THURSDAY, APRIL 15.

On the 18th of August 1857, these parties entered into
a written contract in relation to the sale of a certain stock
of hardware. By this agreement, the plaintiff undertook
to sell, and the defendant to purchase, the said stock, upon
substantially the following terms: The property was to be
inventoried, and defendant to pay the original cost and
cost of transportation to Des Moines, and was to pay for
the same in four equal instalments, due in six, nine,
twelve and eighteen months, with ten per cent. interest.
Eor the faithful performance of each and every of the co-
venants contained in said contract, the parties bound
themselves, each to the other, "in the penal sum of five
hundred dollars, as fixed damages." The plaintiff, aver-
ing a full performance on his part, brings this suit, claim-
ing one thousand dollars; and for cause, states that de-
fendant had refused to receive said stock; had refused to
execute his promissory notes as by said agreement requir-
ed; and that he has entirely disregarded and violated his
said contract, and failed and refused to perform any part
of it. The petition also avers that the defendant has dis-
posed of his property with intent to defraud his creditors.
It is sworn to, but was not pretented to any judge of the
supreme, district or county court. Defendant moved

to quash the attachment, which motion was overruled, and he now appeals.

*White & Waterman*, for the appellant.

*J. E. Jewett*, for the appellee.

WRIGHT, C. J.— Two questions are presented for our determination:

And first, should the petition for the attachment have been presented to some one of the judges mentioned in sec. 1851, of the Code, that an allowance might be made thereon of the amount in value of the property to be attached. We think not. The language of this section is, that if the demand *is not founded on contract*, the original petition must be presented to some judge, &c. This action is founded on contract, and therefore is not governed by the section cited.

But it is urged that the damages are not settled, or liquidated, by the contract itself; but are uncertain and indefinite, and that it is only where the contract self fixes the amount, that it is unnecessary to so present the petition. We think, however, that the dividing line is between actions *ex contractu*, and those *ex dilicto*. We concede that difficulties may arise, and injustice and wrong may result from this construction, yet we can conceive of no other one, so likely to be plain, or which may not be open to the same objections. By the words *"founded on contract,"* we are unmistakeably referred to one of the general divisions of actions, as known at the time of the adoption of the Code. A case may arise, (and this is one of them), where there is dispute as to the amount due, and yet the demand—the claim—grows out of, and is founded on, contract. Plaintiff does not sue for a *tort*, but to recover damages resulting from the violation of this contract on the part of defendant. And in this same sense, every action *ex contractu* is to recover damages. The old action of assumpsit, "sounded in damages." In debt, there was

a recovery for the amount liquidated, and damages for the detention. This is the view taken of the law in *Raver* vs. *Webster et al*, 3, Iowa, 502, and with that decision we are still content. See, also, *Johnson & Stevens* vs. *Butler*, 2 Iowa, 535.

It is next urged that the attachment should have been dissolved, because the amount claimed in the petition of plaintiff, is unconscionable and unreasonable, and that the petition does not state, as nearly as practicable, the amount due. The petition states that there is due plaintiff, by reason of the failure of defendant to comply with said contract, the sum of one thousand dollars. This is sworn to in proper form and substance. So far, then, the petition does state the amount to be due, and for ought that appears, as nearly as practicable, the exact or true amount. So far as relates to the question, that the amount claimed is unconscionable and unreasonable, we have only to say, that this, if true, would not operate to dissolve the attachment. If the plaintiff in his petition claims an excessive amount, he may thus render himself liable upon his bond; but if his affidavit, and the other proceedings, comply with the law, his attachment must continue in force. But, granting that an attachment might be dissolved for the reason urged, we answer, that there is nothing to show that the amount here claimed is excessive. Defendant admits that the five hundred dollars mentioned in the contract, is not to be treated as *liquidated damages*, but as a penalty. This granted, then, how can we know that one thousand dollars is more than the damages actually sustained by plaintiff? There is nothing in the case so far, certainly, to negative the position that he has been injured to that amount. If on the trial, it should turn out otherwise, or if he sustained no injury, defendant is amply and fully protected, by the bond, which the law requires for the purpose of meeting, among others, the very cases which the defendant claims this to be.

Judgment affirmed.