## SEEBERGER v. MILLER.

:1. **Appeal:** JUSTICE'S COURT. Neither the appellant nor the appellee can be compelled to go to trial on an appeal from the judgment of a justice of the peace to the District Court, when ten days have not elapsed between the taking of the appeal and the commencement of the term.

2. —— When a judgment was affirmed on motion for non-payment of docket fees, as required by the rule of court, and the appeal had been taken but seven days before the beginning of the term, the ruling was held erroneous. Rev., 1860, §§ 3926, 3929, 3930.

### *Appeal from Dubuque District Court.*

### WEDNESDAY, JUNE 13.

THE material facts are stated in the opinion.

*Wiltse* and *Wullwebber* for the appellant.

*F. Gottschalk* for the appellee.

, Lowe, Ch. J. — Plaintiff obtained a judgment against defendant before a justice of the peace. The latter took 1. APPEAL: an appeal to the District Court, which commenced justice's court. its session in seven days thereafter. Rule 17 of the District Court is as follows: "In cases of appeal from decisions of the County Court, or a justice of the peace, where the papers have been left with the clerk within the time prescribed by law, if the docket fee has not been paid by noon of the second day of the next term by the appellant, the appellee may at any time thereafter pay the said docket fee, and have the judgment below affirmed.

· · The defendant failing to pay the docket fee within the time prescribed by the above rule, the plaintiff did so, and moved to affirm the judgment, which was resisted by the defendant upon the ground that the appeal had only been taken seven days before that term of the District

Court, and that he was not in default for the non-payment of the docket fee, and would not be unless he should fail in doing so at the succeeding term. The court, however, sustained the motion and affirmed the judgment.

The case is here to test the regularity of this action of the court in the premises.

As the appeal was taken only seven days before the commencement of the February Term of the District Court, at which the motion was made, it involves the question whether, under the statute regulating appeals from justices' courts, the appellant is bound to pay the docket fee and go to trial at that term. This depends upon the construction to be given to sections 3926, 3929, 3930 of the Revision. These sections, taken together and interpreted in the light of each other, have brought us to the conclusion that, unless ten days intervene between the taking of the appeal and the commencement of the next term of the District Court, neither can be required to go to trial at that term, and both are entitled to ten days within which to make preparation, if they insist upon it.

We conclude, therefore, the court erred, objection being made, in sustaining the motion in question, and the cause is reversed and remanded.

Reversed.