## SWAN *et al.* v. SMITH *et al.*

1. Jurisdiction: VENUE: NON-RESIDENT. The fact that a party is a resident of another State, is not of itself sufficient to defeat the jurisdiction of our courts, and, under section 2800 of the Revision, a defendant who has no residence in the State may nevertheless be sued in any county therein where he, or any of his co-defendants in the action, may be found.

2. Attachment: DEMANDS EX-CONTRACTU. A claim for damages resulting from the diseased condition of sheep represented to be sound, is a demand founded upon contract, and the petition for an attachment in an action founded thereon need not be presented to a judge for an allowance of the amount in value of property to be attached, as prescribed in section 3177 of the Revision.

3. —— DAMAGES FOR WRONGFUL SUING OUT : PLEADING. In an action for damages for the wrongful suing out of an attachment, the pleading must negative the truth of the matters alleged in the petition for the attachment.

*Appeal from Washington District Court.*

WEDNESDAY, OCTOBER 28.

THE petition claims, that defendant sold to plaintiff a certain lot of sheep, representing that they were sound

and healthy, and averring that they were diseased; wherefore, etc. Defendants pleaded that the court ought not to have or maintain jurisdiction, because they were at, etc., residents of the State of Ohio, and not of this State. To this plea there was a demurrer, which was sustained.

Plaintiffs procured an attachment, and defendants sought to recover, in a cross action, damages for the wrongful suing out of said writ. To this part of the answer there was a demurrer, which was also sustained. Judgment for plaintiffs, and defendants appeal.

*Lewis & Bennett* for the appellants.

*McJunkin & Henderson* for the appellees.

WRIGHT, J. — Several questions were raised in the court below, but the defendants, by their exceptions, saved but two of them. It is true, they excepted to the overruling of their motion to dismiss for want of jurisdiction, but as no such motion is found in the record, the most favorable view to them is, that such ruling relates to the action of the court in sustaining the demurrer to their plea on this subject. Turning, then, to the two questions, we hold, first, that the fact that a party is a resident of another State is not of itself sufficient to defeat the jurisdiction of our courts. The record shows that one of said defendants was found in Washington county, and there served. Under the language of section 2800 of the Revision, there can be no question but that the action was therefore properly brought. There may be other reasons why the action of the court in this respect is not erroneous, but this alone is sufficient. Second, as to the cross demand. It was not necessary that the petition for the attachment should have been presented to

1. JURISDIC-
ION : venue :
non-resident.

2. ATTACH-
MENT : de-
mands ex-con-
tractu.

some judge for an allowance of the amount in value of property to be attached, as contemplated by 3177 of the Revision. Plaintiffs' demand was founded on contract, — was in form *ex contractu* (*Lord* v. *Gaddis*, 6 Iowa, 57), and this being so, the pleading setting up the cross demand was defective, in that it failed to negative the truth of the matters stated in the application for the attachment. It contained nothing to show that it was sued out wrongfully.

3. —— damages for wrongful suing out: pleading.

Affirmed.