## McGinn v. Butler et al.

1. **Attachment**: ACTIONS EX CONTRACTU AND EX DELICTO. In an action to recover the value of certain wheat, the petition, which asked an attachment, alleged that the plaintiff deposited the wheat for storage with defendants under a special contract, the defendants agreeing to deliver the wheat to plaintiff on demand; and further alleged that plaintiff " demanded the wheat of defendants; that they had before such demand sold and shipped the same without authority; that they could not and did not deliver the same to plaintiff, and refused to pay him therefor." *Held*, that the action was founded on contract and not on tort, and that it was, therefore, not necessary that the petition should have been presented to some judge for allowance of amount in value of property to be attached as provided by section 3177 of the Revision.

2. **Bailment**: WAREHOUSEMEN: DESTRUCTION OF PROPERTY BY FIRE. Where a consignor deposits certain wheat for storage with warehousemen, under the agreement that they will re-deliver it to him on demand, and they, without authority, sell and ship the wheat, and thereafter a demand is made for the wheat, it is no defense, in an action by the consignor to recover the value of the wheat, that the warehouse of defendants was, subsequent to the demand, destroyed by fire consuming all its contents, among which was wheat of like quality as that stored by plaintiff and with which they could have replaced it.

*Appeal from Clinton Circuit Court.*

SATURDAY, JANUARY 28.

THE defendants were warehousemen and dealers in grain in the town of DeWitt, Clinton county, Iowa, under the

firm name of G. W. Byrne & Co. The plaintiff, in the months of February and March, 1869, placed two hundred and twenty-one and thirty one-hundredth bushels of Canada Club wheat and three hundred and ninety-three and ninety one-hundredth bushels of Mediterranean wheat in store with defendants. Plaintiff alleges that he placed the wheat thus in store with the defendants under a special agreement with them to the effect that plaintiff was to pay defendants the sum of one cent per bushel per month for the storage thereof during the time said wheat should remain thus stored; that whenever plaintiff demanded the wheat it was to be delivered to him; that if plaintiff sold the wheat to defendants the charges were to be remitted. Plaintiff further avers that he demanded the wheat of defendants; that they had, before said demand, shipped and sold the same, and could not and did not deliver it to plaintiff, and refused to pay therefor.

The petition also alleged that Joshua V. McKinney, one of the defendants, is a non-resident of this State, and asked a writ of attachment against his property, which was issued and levied on real property belonging to him.

At the November term, 1869, McKinney moved to quash and set aside the attachment, on the ground that no allowance of the amount in value of property that might be attached had been made by any judge of the supreme, district, or circuit court. This motion was overruled, and the defendant McKinney excepted.

The defendants answered, denying the special contract alleged by plaintiff; deny any demand as alleged; deny the value of the wheat as averred by plaintiff; deny that by selling the wheat they disabled themselves from delivering the wheat to plaintiff, and as an affirmative defense allege that, on or about the 24th day of May, 1869, their warehouse, with all its contents, including plaintiff's wheat, was accidently, and without fault or negligence on the part of defendants, wholly destroyed by fire. And by way of

cross demand they claim $50, alleged to have been loaned by them to the plaintiff. The cause was tried by the court without a jury, who rendered a judgment for plaintiff for $481.47, and defendants appeal.

*J. C. Polly* and *E. S. Bailey* for the appellants.

*Albert L. Levi* and *Cotton & Cross* for the appellee.

MILLER, J. — I. The first error assigned is the overruling of the motion to set aside the attachment against defendant McKinney.

The statute provides (Rev., § 3177) that, " when an action is *founded on tort*, the original petition must be presented to some judge of the supreme, district or circuit court, who must make an allowance thereon of the amount in value of the property of the defendant that may be attached." The appellants' position is, that the action in this case is "founded on tort" for the wrongful conversion of plaintiff's wheat, and hence an allowance, as required by the statute, was necessary to be made by some judge, before an attachment could lawfully issue; that no such allowance having been made the attachment should have been set aside on the motion.

1. ATTACHMENT: actions ex contractu and ex delicto.

We are clear that this action is not *founded on tort*. It is most manifestly an action to recover for the breach of an alleged contract. The gravamen of the action is the failure of the defendants to deliver to the plaintiff on demand the wheat stored by him with the defendants, according to the contract alleged. The allegation of the petition that defendants had shipped and sold the grain, and thereby converted it, is an unnecessary averment. It was but evidence and should not have been stated (Rev., § 2945), and might have been stricken out on motion. Rev., § 2946. It was proper evidence to show that de-

fendants had disabled themselves from delivering the wheat according to the contract stated.

The action is founded on the contract alleged. The facts are stated, and the right to recover is based on the alleged breach of the contract. Even under the old common-law forms of pleading a party could waive the tort and sue in *assumpsit.* Under our statute all *forms* of action and pleadings are abolished, and the plaintiff recovers, if at all, on the facts stated and proved. Rev., §§ 2608, 2872, 2873.

And where, as in this case, the facts alleged show that the plaintiff's right of action arises out of a breach of contract, no allowance is necessary previous to suing out an attachment. In support of this view, see *Lord* v. *Gedd,* 6 Iowa, 57; *Swan et al.* v. *Smith et al.,* 26 id. 87.

II. The next error assigned is, that the judgment of the court is not sustained by sufficient evidence. There is a conflict of evidence upon whether the plain-

2. BAILMENT: warehouse-men: destruction of property by fire.

tiff stored his grain with the defendants, under the special contract averred in the petition; that the grain was stored with defendants; that it was shipped by them, and sold and never returned or paid for, there is no question whatever. The defendants offered evidence tending to show that the grain was stored generally without any special agreement; that, according to the custom among warehousemen and grain dealers in De Witt, defendants had the right to ship the grain of plaintiff, replacing it with other grain of like quality; and that, when their warehouse and its contents were destroyed by fire, they had therein grain of the same quality and quantity as that of plaintiff. On the other hand, the plaintiff offered evidence tending to show that he did make the special contract alleged; that his grain was stored in separate bins; that he knew nothing of the custom referred to; that he demanded its delivery to him before the fire, and it was not then in the warehouse, nor was there therein sufficient other wheat of like quality as his, and no

delivery was made. Where the evidence is thus conflicting we have uniformly refused to disturb the finding of the court or jury. In this case, however, we are of opinion that the preponderance of the evidence is on the side of the finding of the court. See *Brockman* v. *Berryhill,* 16 Iowa, 183, and cases cited.

III. The last assignment is, that the judgment is contrary to law.

This assignment is predicated on the appellants' construction of the evidence. It is not claimed that, if the finding of the court is supported by sufficient evidence, the judgment is, notwithstanding, contrary to law. If the plaintiff stored his wheat with the defendants under the special contract stated in his petition, and they shipped and sold it, and failed to deliver it on demand according to the contract, and that this was before the warehouse was burned, there was a palpable breach of the contract on the part of defendants, for which they are liable to respond in damages.

The court below found such to be the facts. The judgment therefore is not contrary to law.

Affirmed.