F. E. Durand, Appellant, v. Northwestern Life and
Savings Company, Appellee.

**Default Judgment:** on appeal to district court: *Jurisdiction.*
Code, section 4552, provides that an appeal from a justice of
the peace of the district court is not perfected until a bond
is taken and filed. Sections 4553, 4555 and 4558, provide for
the transmission of the papers from the justice court to the
district court after an appeal is perfected. Section 4560, pro-
vides that, if an appeal is not perfected on the day on which
judgment is rendered, written notice must be served on the
appellee or his agent at least 10 days before the next term
of court to which the appeal is taken, or the action will be
continued at the cost of the appellant. *Held*, that a failure
to give the notice required by section 4560, though perhaps
rendering irregular a judgment by default entered in the
district court on appeal from a justice of the peace, does not
constitute a jurisdictional defect in the judgment of the dis-
trict court, and such a judgment, therefore will not be set
aside in equity.

*Appeal from Polk District Court.*—Hon. S. F. Prouty,
Judge.

Monday, October 22, 1900.

Suit in equity to set aside a judgment of the district
court. The trial court sustained a demurrer to plaintiff's
petition, and plaintiff appeals.—*Affirmed.*

*A. D. Pugh* for appellant.

*Dudley & Coffin* for appellee.

Deemer, J.—Plaintiff commenced an action before a
justice of the peace, and recovered judgment against the
defendant for the sum of one cent. Defendant gave oral no-
tice of appeal, and within 20 days thereafter perfected his
appeal by filing bond. Subsequently the justice certified all

the papers, with a transcript of his proceedings, to the district court. Thereafter, and at the May term of the district court, a judgment was rendered against plaintiff on default for the sum of $12.30. No written notice of appeal was ever served on plaintiff, and he did not appear to the action in the district court. This suit is brought to set aside and cancel the judgment rendered by the district court, and is bottomed on the thought that the district court had no jurisdiction of plaintiff, because of defendant's failure to serve notice of appeal. The sole question presented is the jurisdiction of the district court. If it had jurisdiction of the appeal, then the demurrer was properly sustained. But, if service of notice was a jurisdictional step, then the judgment must be reversed.

Section 4548 of the Code provides that an appeal from the judgment of a justice of the peace must be taken within 20 days after its rendition; section 4552, that the appeal is not perfected until a bond is taken and filed in the office of the justice of the peace; section 4553, that on the appeal being perfected the case will be in the court to which the appeal is taken; section 4555, that upon the appeal being perfected the justice shall file in the office of the clerk all original papers, and a transcript of his docket entries; section 4558, that, if an appeal is perfected 10 days before the next term of court, the justice's return must be made at least 5 days before the term, and that all cases must be tried when reached, unless continued for cause; section 4560, that if an appeal is not perfected on the day on which judgment was rendered, written notice must be served on the appellee or his agent at least 10 days before the next term of court to which the appeal was taken, if 10 days intervene, or the action, on motion of the appellee, shall be continued at the cost of appellant. There is some confusion in our previous cases construing these or like sections of previous Codes. In *McCormick v. Bishop,* 3 G. Greene, 99, it is held, on appeal from the action of the district

court, that a valid judgment cannot be rendered against appellee without either notice or appearance. The same rule was announced in *Quillan v. Windsor*, 6 Iowa, 396, which was also an appeal from the judgment of the district court. True, it is said in that case that in the absence of notice or appearance the district court is without jurisdiction. But this statement does not seem to have been necessary to a proper decision of the case. In *Holloway v. Baker*, 6 Iowa, 52, it was decided that an appealed case was in the district court when the justice filed the original papers and a transcript of his proceedings; and in *Seeberger v. Miller*, 20 Iowa, 428, it was ruled that, unless 10 days intervene between the taking of the appeal and the next term of court, either party is entitled to a continuance. In *Bond v. Davis*, 37 Iowa, 163, it was held that notice of appeal is not necessary to perfect it, and that failure to give notice does not authorize the dismissal of the case. The court, speaking through Cole, J., said: "The statute does declare that upon filing the transcript the cause will be deemed in the district court, and that, if notice is not served at least 10 days before the term to which the cause is returnable, the suit may be, on motion of appellee, continued, at the costs of the appellant. The statute having fixed the consequences of a failure to serve notice in proper time, it amounts to an implied negation of other consequences." That was a case where plaintiff, who had appealed, failed to give notice for the first term, but did give notice for the second. Defendant moved to dismiss because no notice was given for the prior term. The trial court overruled the motion, and this court sustained the ruling. Thus we find the court saying in one case that the notice is jurisdictional, and, if not given, the court could not properly render judgment, and in another that the statute with reference to giving notice fixes the penalty for failure to observe its requirements, and that no other will be inferred. Some of the cases were decided under the Code of 1851, which differs in some respects from the

present Code, in that a distinction seems to be made between the allowance and the perfection of an appeal. Moreover, there is nothing in the Code of 1851 stating what shall constitute the perfection of an appeal. See *May v. Wilson,* 20 Iowa, 117, where notice was held essential to the perfection of an appeal. That Code says that, if the appeal is not allowed on the day judgment is rendered, written notice must be given, etc. See sections 2328 and 2341, inclusive, of the Code of 1851. The statutes under consideration provide that an appeal is perfected by the giving of bond, that the justice must then certify the papers and record to the district court, and that when the appeal is perfected the appeal will be in the district court, and, unless continued for cause, must be tried when reached. The provision for notice seems to be for the purpose of advising appellee when the case will be brought on for trial, and does not go to the jurisdiction of the court. The statute provides its own penalty for failure to give the notice, and, as said by Cole, J., this amounts to an implied negation of other consequences. Judgment rendered in the absence of notice will, no doubt, be irregular and erroneous, as held in the *McCormick* and *Quillan Cases, supra;* and an appeal will, no doubt, lie from such a judgment. No doubt, such a judgment could be set aside on motion. We do not think, however, that notice is jurisdictional. If not jurisdictional, judgment rendered in the absence thereof, while erroneous, is not void. If not void, then a court of equity will not set it aside. While the statute is somewhat obscure, this, we believe, is the better interpretation; and it follows that the judgment should be, and it is, AFFIRMED.

GRANGER, C. J., not sitting.