JACOB BELLER v. WILLIAM SCHULTZ.

*Liability for injury to property under gratuitous bailment.*

A man lent a flag to his employer, helped him to hoist it, and left it flying when he went away. It was afterwards damaged by a hailstorm. *Held* that the employer was not liable for the damage done, without proof, at least, that he had failed to take due care of it.

A borrower of property is not an insurer of it even when it is gratuitously lent.

An action does not lie for the value of property gratuitously lent, on a showing merely that the lender had sent for it and had not received it back; it is not presumable without proof that the borrower wrongfully withheld it.

Error to Wayne. Submitted Oct. 29. Decided Nov. 9.

ASSUMPSIT. Defendant brings error. Reversed.

*George H. Prentis* for plaintiff in error.

*Van Dyke & Brownson* for defendant in error.

GRAVES, J. Schultz went to work for Beller and took two flags with him, a large one and a small one. He lent the large one to Beller and helped to put it up on Beller's building. He went away without taking the small one, and per-

44 MICH.—34

mitted the other to remain flying where he had assisted in placing it. Subsequently a hail-storm injured it. He sent for both flags and received the small one but failed to receive the other. It was worth $20. He sued in *assumpsit* before a justice for the value and on these facts was allowed to recover, and the Circuit Court on *certiorari* affirmed the judgment.

There was no cause of action on the facts. Even where the loan is gratuitous the borrower is not an insurer. The thing is subject to the kind and mode of use for which it is designed, and the risk of such losses as are fairly incident thereto is with the owner unless the bailee has failed in his duty to anticipate and guard against the danger. The thing here was made on purpose to be used as a flag, and the propriety of exposing it as one in the very position and in the very season selected cannot be questioned by Schultz; because in fact that exposure was in substance his own act., The bailment is not shown to have been abused. There is no proof that Beller failed in his duty., If there was any want of such care to guard the flag against injury from storms as the law would consider due, which is not probable, it was for Schultz to give evidence to prove it. He gave none whatever, and it is not to be presumed that Beller was in fault.

The failure to get the flag back is not traced to Beller. The case goes no further than to say that Schultz sent for it and did not receive it. Where the fault lay, if there was any, does not appear and cannot be inferred. Certainly it cannot be imputed, without proof, to Beller. It may have been obtained from him in answer to Schultz's request, and been miscarried or otherwise disposed of thereafter without his, Beller's, agency. Or it may be that no request was made to Beller to deliver or surrender it. There were no facts to affect Beller with liability in any form and it is needless to inquire whether *assumpsit* might have been maintained in case the evidence had shown an abuse of the alleged bailment.

The judgment must be reversed with the costs of all the courts.

The other Justices concurred.