GEORGE H. MARSHALL *vs.* ANDREWS & GAGE.

Opinion filed April 24, 1899.

**Warehousemen—Conversion—Demand and Refusal.**

> Plaintiff delivered to defendants, at a public warehouse owned and operated by them in this state, certain grain, to be stored until plaintiff desired to sell. Subsequently plaintiff demanded of defendants pay for the grain, or a return to him of a like quality, kind, and quantity of grain. *Held,* that a refusal to comply with this demand constituted, prima facie, a conversion of the grain by defendants.

**Destruction by Fire—Burden of Proof.**

> Defendants alleged that their said warehouse was destroyed by fire, with its contents, and that plaintiff's grain was contained therein. A reply admitted the burning of the warehouse, but denied that plaintiff's grain was contained therein. Under these pleadings, the burden was upon defendants to establish that the plaintiff's grain was destroyed as alleged.

**Pleading Construed—Not an Action of Replevin.**

> Under the statutes of this state (specially referred in the opinion), in an action brought to recover the value of such grain an allegation in the complaint that the plaintiff was the owner and entitled to the possession of said grain, and a prayer that plaintiff recover a like quantity, quality, and kind of grain, or the value thereof, do not constitute the action an action in replevin.

**Form of Verdict Cannot be First Questioned in Supreme Court.**

> Where an action was tried in the lower court as an action for conversion, the point cannot be raised for the first time in this Court that the action was in fact replevin, and that the verdict is not such as the law requires in that form of action.

Appeal from District Court, Walsh County; *Sauter, J.*

Action by George H. Marshall against A. C. Andrews and J. E. Gage, co-partners as Andrews & Gage. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Cochrane & Corliss,* for appellants.

The action is in replevin, the fact that claim and delivery proceedings were not instituted in the case does not transmute the action from a replevin action into an action for conversion. *Benjamin* v. *Smith,* 44 N. W. Rep. 1083. The judgment is for money damages and not in the alternative as required by statute. § 5484, Rev. Codes. The plaintiff elected to follow his property in the defendants' hands instead of holding them for the value thereof in conversion, defendants have the right to insist that the adverse judgment shall be in such form as to give them the right to return the property at the end of the litigation in accordance with plaintiff's election. *Berson* v. *Numan,* 63 Cal. 550; *French* v. *Ginsburg,* 59 N. W. Rep. 189; *Sherman* v. *Clark,* 24 Mo. 43; *Baxter* v. *Berg,* 60 N. W. Rep. 711; *Jetton* v. *Smede,* 29 Ark. 373; *Hanf* v. *Ford,* 37 Ark. 544-550; *Cooke* v. *Aquirre,* 25 Pac. Rep. 5; *Stewart* v. *Taylor,* 68 Cal. 5; *McCue* v. *Tunstead,* 6 Pac. Rep. 316; *Rose* v. *Tolley,* 15 Wis. 443; *Dwight* v. *Enos,* 9 N. Y. 470; *Fitzhugh* v. *Wiman,* 9 N. Y. 559; *Allen* v. *Fox,* 51 N. Y. 562-564; *Berthold* v. *Fox,* 21 Mo. 51; *Chase County Nat. Bank* v. *Thompson,* 38 Pac. Rep. 274; *Lambert* v. *McFarland,* 2 Nev. 58; *Carson* v. *Applegarth,* 7 Nev. 187; *Hamilton* v. *Clarke,* 25 Mo. App. 428; *Gerlath* v. *Waldstein,* 7 Mo. App. 66; *Bates* v. *Scott,* 26 Ind. 202; *Goodwin* v. *Potter,* 58 N. W. Rep. 128-130; *Mayhew* v. *Mather,* 52 N. W. Rep. 436; *Phillipps* v. *Melville,* 10 Hun. 211. The verdict does not find the value of the property at the time of this trial. This is necessary in replevin. *Halbert* v. *San Saba S. L. & L. S. Ass'n.,* 34 S. W. Rep. 636, and cases cited; *Miller* v. *Bryden,* 34 Mo. App. 602-606; *Hoester* v. *Teppea,* 27 Mo. App. 207-210, and cases cited; *Allen* v. *Fox,* 51 N. Y. 562, 564, 565, where the reason for this rule is clearly stated; *Turk* v. *Moses,* 58 Me. 361. There is no evidence that the wheat was shipped out of the state. No conversion is shown by mixing the grain or that defendants had converted the grain prior to demand. When property in the hands of a bailee is destroyed or stolen the bailee is not liable for conversion. A demand made after the destruction or loss of the property is not even evidence of conversion against the bailee. Edw. on Bailm. § 406; *Salt Springs Nat. Bank* v. *Wheeler,* 48 N. Y. 492, 495, and cases cited; *Magnin* v. *Dinsmore,* 70 N. Y. 410-417; *Frome* v. *Dennis,* 45 N. J. Law, 515-520; *Smith* v. *Westfield,* 99 Mass. 605; *Dearborn* v. *Union Nat. Bank,* 58 Me. 273; *Heald* v. *Carey,* 11 C. B. 977; *Bowlin* v. *Nye,* 10 Cush. 416; *Packard* v. *Getman,* 4 Wend. 613; *Hawkins* v. *Hoffman,* 6 Hill 586; 26 Am. & Eng. Enc. L. 717.

*Spencer & Sinkler,* for respondent.

The Court upon the trial will grant such relief as the facts pleaded will warrant without regard to the prayer for relief. *McGillvray* v. *McGillvray*, 68 N. W. Rep. 316. Pleadings will be liberally construed after verdict to sustain the verdict and judgment. *Johnson* v. *Leonard*, 1 Wash. St. 564; *Fisk* v. *Kenarie*, 13 Ore. 156; *Wood* v. *Brown*, 34 N. Y. 337. Where there is failure, neglect or refusal by a warehouseman to deliver on demand goods that have been entrusted to him, it is prima facie evidence of negligence sufficient to cast upon him the burden of accounting for the nondelivery. *Burnell* v. *Ry Co.*, 45 N. Y. 184; *Schwerin* v. *McKee*, 51 N. Y. 180; *Collman* v. *Livingston*, 45 How. Pr. 483; *Fairfax* v. *Ry Co.*, 67 N. Y. 11; *Steers* v. *Steamship Co.*, 57 N. Y. 1; *Claflin* v. *Myers*, 75 N. Y. 260. The evidence on defendants' part must be conclusive that the property was lost, stolen or destroyed. *Williamson* v. *Ry. Co.*, 56 N. Y. 508; *Argent* v. *Squire*, 1 Daly 347; *Boise* v. *Ry. Co.*, 9 Am. Rep. 347; *Lancaster Mills* v. *Merchants C. P. Co.*, 4 Am. St. Rep. 586; *Cox* v. *Riley*, 58 Am. Dec. 633; *McGinn* v. *Butler*, 31 Ia. 160.

BARTHOLOMEW, C. J. On and prior to February 20, 1897, the defendants, as co-partners, owned and operated a public warehouse at the village of Drayton, in Pembina county, in this state. On and between the 18th day of December, 1896, and the 9th day of January, 1897, the plaintiff delivered to the defendants at said warehouse 600 bushels of No. 1 hard wheat, to be stored until such time as plaintiff desired to sell. On February 20, 1897, said warehouse, with its contents, was destroyed by fire. On March 17, 1897, plaintiff demanded of defendants 600 bushels of No. 1 hard wheat, or the then value thereof. His demand was refused. This action was then brought to enforce the demand. The complaint set forth the delivery of the wheat, and that plaintiff was still the owner thereof, the demand and refusal, and the value; and the prayer was for the delivery of 600 bushels of No. 1 hard wheat, or for a money judgment for the value thereof. The answer set up the destruction of the warehouse by fire, and alleged that the wheat received from plaintiff was destroyed therein. By reply the destruction of the warehouse was admitted, but it was denied that the wheat delivered by plaintiff was in the warehouse at the time of its destruction. Plaintiff introduced testimony tending to support all the allegations of his complaint, and rested. Defendants introduced no testimony, but moved for a directed verdict in their favor. This was denied, and an exception saved. On plaintiff's motion the Court directed a verdict for plaintiff for the sum of $360; that being the value of the 600 bushels of wheat on the day of the demand, as shown by the undisputed testimony. Nothing was said in the verdict about the ownership or right of possession of the specific wheat delivered, nor was its value fixed, in terms. A motion for a new trial was made and denied, and judgment rendered on the verdict. The appeal brings up the ruling on the motion for verdict and on the motion for a new trial, and the judgment.

The defendants' motion for verdict must have been based upon the proposition that since the delivery of the wheat into a certain warehouse, and the subsequent destruction of that warehouse and contents by fire, were admitted by the pleadings, a presumption arose that plaintiff's wheat was thus destroyed, and that the burden was upon plaintiff to show that the wheat had been removed from said warehouse prior to its destruction, if such were the case. We think this position is unsound, particularly in view of the well-known custom among warehousemen in this state to ship out grain that is received into the warehouse almost as soon as received, in order to make room for other grain that is constantly coming in. But, in the absence of such custom, the law is against appellants. Where the bailment is clearly shown (and it is admitted in this case), and where a subsequent demand by the bailor upon the bailee for a return of the property in accordance with the terms of the bailment is also shown, and a refusal by the bailee to comply with the demand (and this is all admitted in this case), the bailor has made a prima facie case of conversion. The burden then rests upon the bailee to show the loss or destruction of the property bailed, if such be the fact. No other rule could be admitted. It would generally be impossible for the bailor to show that the property had not been lost or destroyed, while the bailee, being in actual possession, should always be able to account for the subject of the bailment, and his failure to do so raises a presumption of negligence against him, which he can remove only by clear proof of the loss or destruction of the goods. *Burnell* v. *Railroad Co.,* 45 N. Y. 184; *Schwerin* v. *McKie,* 51 N. Y. 180; *Steers* v. *Steamship Co.,* 57 N. Y. 1; *Claflin* v. *Myer,* 75 N. Y. 260; *Clark* v. *Spence,* 10 Watts. 335; *Wilson* v. *Railroad Co.,* 9 Am. & Eng. R. Cas. 161; *McGinn* v. *Butler,* 31 Ia. 160.

It is urged, however, that the judgment cannot stand, because the action was in replevin, and the verdict was an ordinary money verdict, and contained no finding as to the ownership or right of possession of any particular wheat, or the value thereof,—matters which the statute specifically requires the verdict to cover in replevin actions. It is claimed that the action is in replevin, because the complaint alleges that the plaintiff is the owner of the wheat delivered to the defendants, and entitled to the possession thereof, and the prayer is in the alternative. Under the common-law system of pleading, such allegations were often held decisive in distinguishing the action of replevin from trover. But we do not consider any such distinction applicable in this case. Our statute fixing the rights of the parties in cases of this character is somewhat peculiar. Section 1790, Rev. Codes, specifies in general terms the form of warehouse receipts to be issued where grain is delivered for storage, and expressly declares that nothing shall be inserted in such receipt limiting the liability imposed by law upon the warehouse man. In this case the receipt issued was not such as the statute requires, but we understand both parties to treat it—and we think

it should be so treated—as a statutory receipt. The next section (section 1791) provides that each storage ticket shall expressly state that the holder may demand that the kind, quality, and quantity of grain so delivered be returned to him at the place of delivery. This section recognizes the usual and necessary custom of shipping grain out of the warehouses as the business may require. The holder of the receipt cannot insist upon a delivery to him of the identical grain at the place of storage, but he can insist upon the delivery of the same quantity of the same kind and quality of grain. Section 1792 provides that where grain is so delivered to a public warehouse, and the specified receipt taken therefor, such delivery constitutes a bailment, and not a sale. It appears, then, that, while the statute recognizes the right of the bailee to at once ship the grain out of the warehouse, yet as between the bailor and bailee the title to that particular grain remains in the bailor. Doubtless it was a consideration of these provisions which induced the plaintiff to allege that he was the owner and entitled to the possession of the wheat delivered. But it is clear that he did not seek to recover that wheat, because in his prayer he does not ask it, but only asks the delivery to him of the same quantity and quality of wheat. This, perhaps, was superfluous, as the option was with him to require the delivery of other wheat in lieu of the value in money; but, in view of the statutes under which the claim arose, we think this prayer had no tendency to show that plaintiff intended to sue in replevin. Again, it is clear from the record that this point was not made in the court below. Had it been seasonably made, the verdict might have been corrected, or, even if made upon the motion for a new trial, the motion might have been granted. But defendants treated the action as an action for conversion. The motion for a directed verdict for defendants was based upon the proposition that "the facts proven do not constitute a cause of action," and the notice of intention to move for a new trial contained the following: "The evidence is insufficient to sustain the verdict, in this: That there is no evidence of conversion by defendants of the grain, neither of unlawful detention. The proofs show destruction of the grain by fire. No negligence is alleged or proved; no malice; no proofs that defendants were insurers, or ever contracted to insure the grain; no competent proof of any liability on the part of the defendants at all. In no manner was the defect now insisted upon ever called to the attention of the trial court. For this reason also, this contention of appellants must be overruled.

What we said on the motion for a directed verdict disposes of the claim that the evidence fails to establish a conversion. Of course, if the wheat was burned, it could not be converted. Defendants alleged that it was burned. The burden was upon them to show that it was burned, as the pleadings did not admit that fact. They introduced no evidence. They received the grain. They have refused to return it, or other grain in lieu thereof, or to account for it in any manner. The statute declares that they were

bailees, merely, and that the grain delivered belonged to respondent. Appellants have failed to return it on demand, or to account for it. It is a clear case of conversion, under the authorities already cited. The judgment of the District Court is in all things affirmed.

YOUNG, J, concurs.

WALLIN, J. I concur in the Affirmance of the judgment. The facts established by the pleadings, in connection with those established by undisputed evidence, which was received without specfic objection thereto, are, in my opinion, sufficient to show a liability to the amount recovered. The complaint states a cause of action. This being true, I deem it unnecessary, under the facts shown by the record, to determine whether claim and delivery, or an action for damages as for a conversion of the grain, was the proper remedy, or whether either action would be the proper remedy, in view of the anomalous provisions of the statute.