WALLACE *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

1. CARRIERS—BAGGAGE—STORAGE—REASONABLE TIME.

A passenger, bringing action for loss of her baggage by fire, is entitled to show that she did not have a reasonable opportunity, after arriving at her destination, to procure it, and, without averments as to the particular facts in her declaration, which contains the general averment that plaintiff did not have a reasonable opportunity, may show that she attempted to get it, and was informed by the baggage man that he could not then attend to it, and that he closed and locked the station before she could find a conveyance to deliver the baggage.

2. SAME—INSURER OF BAGGAGE—REASONABLE TIME.

The strict rule of liability for baggage of passengers continues after arrival of the passenger at his destination and until the lapse of a reasonable time thereafter: what is a reasonable time is a question of fact for the jury if there is any dispute about the facts.[1]

3. SAME—ACT OF GOD—LIGHTNING—BURDEN OF PROOF.

Since the contention of a carrier that loss of plaintiff's baggage by fire was occasioned by lightning is an affirmative defense, the court properly denied a new trial on the question of the weight of evidence, upon conflicting testimony that would support a finding for either party.

Error to Kent; McDonald, J. Submitted November 11, 1912. (Docket No. 23.) Decided July 9, 1913.

Case by Veva C. Wallace against the Detroit, Grand Haven & Milwaukee Railway Company for the destruction of plaintiff's baggage. Judgment for plaintiff. Defendant brings error. Affirmed.

[1] As to the termination of a carrier's liability for baggage, see note in 3 L. R. A. (N. S.) 183. And upon the liability for baggage after reaching destination of passenger, see notes in 36 L. R. A. 781 and 38 L. R. A. (N. S.) 383.

*Harrison Geer,* for appellant.

*Lombard, Hext & Washburn,* for appellee.

McALVAY, J. This is a suit brought by plaintiff in her own behalf and as assignee of her husband, to recover, in an action of trespass on the case, compensation from defendant transportation company for baggage belonging to them which, while in its depot at a station named Ada, was consumed by fire at about 1:30 o'clock on the morning of August 23, 1910. The property for which recovery was sought consisted of a trunk, two suit cases, and the contents thereof.

Upon the day in question plaintiff, her husband, and daughter, who had lived at the village of Saranac, Mich., for some time, were changing their residence from that place to Peru, Ind., where they intended to make their future home, and they desired before leaving to visit a brother of plaintiff's husband at Ada, Mich. On the afternoon of August 22, 1910, Mr. Wallace, the husband of plaintiff, intending to take passage upon defendant's train, purchased from defendant's agent at Saranac three tickets for Ada. He checked for that point a trunk and two suit cases as baggage, and received the checks therefor. They took passage from Saranac upon a passenger train of defendant due at Ada about 4:30 p. m., which, on the day in question, did not arrive there until after 6 o'clock. There is a dispute as to the exact time. The testimony varies between 6:15 and 6:45 p. m. The station is at or near a small village on the defendant's road, and at this time was open only from 6 a. m. to 7 p. m. It was in sole charge of the agent of defendant, one Mr. McLeod, who was acquainted with plaintiff and her husband. There was no dray line at this depot nor other public means for the conveyance of baggage away from it. Upon the arrival of the train, plaintiff and her hus-

band went at once into the waiting room of the depot, in company with the station agent. There is a dispute as to what occurred.

Plaintiff and her husband claim that the checks were produced and presented to the agent for the purpose of claiming the baggage, whereupon defendant's agent said he could not bother with the baggage at that time because he was in a hurry to get his supper and to return for the next train from the west. Defendant's agent denied that this conversation occurred. It was claimed and testified to by plaintiff and her husband that the agent then requested Mr. Wallace to assist him in putting the trunk into the waiting room of the depot, and that he did so. The two suit cases were put into the ticket office by the agent; there being no baggage room in the depot.

After this, Mr. and Mrs. Wallace and their daughter, with the agent, McLeod, started for the house of William Wallace, about 40 rods from the depot by the road, but only about 15 rods on a direct line, where the plaintiff at once asked Mr. Wallace if she could get a conveyance to bring their baggage from the depot. He said it was impossible to do so until after supper as all the horses were out. Some time elapsed before the supper was ready, and the agent was obliged to return to the depot before supper in order to meet the train due from the west at about 7 o'clock. After the departure of that train he closed the depot for the night and returned to the house about the time they were finishing their supper. Plaintiff's husband testified that the agent said, "that the station was closed for the night, and that he did not have to go back." About the hour of 1:30 in the morning fire broke out in this depot, and, as stated, it was consumed with its contents.

The case was tried before the circuit court for Kent county. At the close of the testimony, defendant

moved for a directed verdict, on the ground that the relation of carrier had ceased as to this baggage, and that defendant was a warehouseman liable only for negligence. This motion was denied, and the case was submitted to the jury, which rendered a verdict for the amount claimed by plaintiff, upon which judgment was duly entered.

Defendant has brought the case to this court for review, and the errors assigned and relied upon by defendant are:

*First.* Upon permitting plaintiff to answer the following question:

"*Q.* What was said with reference to the baggage at that time?"

*Second.* That the trial judge erred in refusing to charge the jury that the relation of carrier to this baggage had ceased, and that the defendant was a warehouseman, liable only for negligence.

*Third.* Upon the refusal of the court to grant a new trial on the ground that the verdict was against the weight of the evidence.

These errors assigned will be considered in the order presented by appellant:

*First.* The objection to this question was on the ground that this testimony was not within the allegations of the declaration. The declaration alleged, among other things, that it was the duty of defendant to safely keep said baggage in said station for such reasonable time as would afford a reasonable opportunity to plaintiff to procure it; that plaintiff had no reasonable opportunity to secure and remove this baggage, placed in the depot before it was destroyed by fire.

The theory of plaintiff was, and the testimony offered by her tended to show, that when these parties arrived at the station at Ada, this baggage was taken out of the baggage car and placed upon the platform; that she, in company with her husband and the station

agent, went into the station, presented the three checks for this baggage, saying in the agent's presence, "Here are the checks;" that the agent declared he had no time to bother with the baggage, as he must get to his supper and return in time for the train from the west; and that he then asked plaintiff's husband to assist him in carrying the trunk into the station, which was done, and the two suit cases were placed in the ticket office by the agent; that the agent at once went with these parties to the house of Mr. Wallace's brother for supper, where this agent boarded; that before supper was ready this agent returned to the depot to meet the train from the west; that after this train had gone he locked up the depot for the night and returned to get his supper, arriving at his boarding place when the plaintiff and her husband were finishing their meal. This testimony was offered by plaintiff as a circumstance tending to show the fact that she had no reasonable opportunity to get this baggage.

The rule is well settled that matters of evidence need not be pleaded. This is not an action for damages caused by the negligent acts of defendant's agents, and the rule in such cases that the specific acts of negligence relied upon for recovery must be pleaded does not apply. In our opinion it was material and admissible, and no error was committed by the trial court in permitting plaintiff to answer this question.

*Second.* Appellant next contends that defendant was in possession of the baggage in question as a warehouseman and not as a common carrier at the time of the fire. The law is well settled that the strict rule of liability of a common carrier of passengers for their baggage continues, after the arrival at the destination of the passenger, until the lapse of a reasonable time for delivery; and after such time has elapsed that the liability of such common carrier is that of a warehouseman. 3 Am. & Eng. Enc. Law (2d Ed.),

p. 564, and cases cited. The Am. & Eng. Enc. Law (2d Ed.), vol. 3, p. 565, says:

"The troublesome question in this connection is as to what constitutes such reasonable time, and must be determined from all the circumstances of the case, such as the character of the station, the facilities there for receiving baggage, and the opportunities afforded by the carrier for delivering baggage when called for."

The law is also well settled by the weight of authority that, where there arises a dispute upon the facts, the question of reasonable time, is one of fact to be submitted to the jury. 3 Am. & Eng. Enc. Law (2d Ed.), p. 565, notes and cases cited. The facts in this case are in dispute. Testimony on the part of plaintiff was introduced tending to show the facts just stated in the preceding paragraph, and, further, that she was told at the depot that there was no public dray or means to get this baggage away from the depot; that she and her husband desired to take it away, and that they went to his brother's where they asked for and sought a conveyance, but could not get it until later; that afterwards defendant's agent locked up the depot for the night, and the fire occurred shortly after midnight. Some of the testimony of plaintiff upon this contention was disputed by defendant's agent. We are satisfied that under the circumstances the action of the learned circuit judge in submitting this question of reasonable time to the jury was not erroneous, and was as favorable to appellant as could be demanded or expected. The jury has found as a fact that plaintiff and her husband were not afforded a reasonable time and opportunity in which to secure and remove this baggage, thereby determining the status of defendant towards these goods at the time they were destroyed by fire as that of a common carrier.

There remains but one question for consideration, and that is whether the court was in error in refusing

to set aside the verdict of the jury on the ground that it was contrary to the clear weight of the evidence in the case. Stated in another way, appellant's contention is that the weight of the evidence was overwhelming that the fire which destroyed these goods was caused by the act of God, namely, lightning. Appellant admits that the trial court correctly charged the jury upon the law of this question. It is admitted by both parties that if the fire which destroyed these goods was caused by lightning the plaintiff cannot recover.

. The contention that these damages were so caused is a mater of affirmative defense, the burden of proof to establish which being upon the defendant, and, like the affirmative of any issue of fact, it is required to be established by a preponderance of the evidence.

This assignment of error places upon the court the necessity of a thorough and careful examination of all the evidence in the case bearing upon it. Such examination discloses a condition of contradictory testimony, a statement and analysis of which would be of no benefit to the profession. This was admittedly a question of fact for the jury, which, under proper instructions, was submitted to and acted upon by it. Our conclusion is that its determination was not against the weight of the evidence, and that the court was not in error in denying the motion for a new trial.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.