SCHWARTZ *v.* MICHIGAN WAREHOUSE CO.

1. WAREHOUSEMEN—NEGLIGENCE—PRESUMPTIONS—BURDEN OF PROOF.
   Where goods are delivered to a warehouseman in good condition and returned damaged in such a way as does not usually occur by the exercise of proper care, negligence will be presumed, and the burden is on the ware-

On presumption and burden of proof as to care or negligence in respect to subject of bailment, see note in 43 L. R. A. (N. S.) 1168.

219—Mich.—26.

houseman to overcome such presumption by evidence showing due care.

2. SAME—LIABILITY OF WAREHOUSEMAN NOT RELIEVED BECAUSE GOODS IN BOND.
    The liability of a warehouseman for damage to bales of tobacco from water dripping thereon from a leaky valve is not relieved by the fact that the tobacco was in bond and in the joint custody of United States customs officers and defendant.

3. SAME—LIABLE FOR IMPORT DUTY ON DAMAGED GOODS.
    In view of U. S. Rev. Stat. §§ 2983, 2984, limiting abatement of duties to cases of "actual injury or destruction, in whole or in part, by accidental fire or other casualty," and plaintiff's testimony that he had unsuccessfully tried to have the import duty remitted on the damaged tobacco, the trial judge was not in error in permitting a recovery of the import duty paid thereon.

Error to Wayne; Dingeman (Harry J.), J.    Submitted April 4, 1922.    (Docket No. 7.)    Decided July 20, 1922.

Case by Bernard Schwartz against the Michigan Warehouse Company for damages to goods in storage. Judgment for defendant *non obstante veredicto.* Plaintiff brings error.    Reversed, and judgment entered on the verdict.

*Benjamin & Betzoldt,* for appellant.

*William P. Dredge,* for appellee.

WIEST, J.    Plaintiff, a cigar manufacturer, purchased bales of Sumatra tobacco in New York and had the same shipped to him in bond to Detroit.    The tobacco was placed in the bonded warehouse of defendant company in Detroit and a few days after its arrival was examined by plaintiff and found to be in good condition.    From time to time plaintiff paid duty upon bales and withdrew them for use.    Finding a bale damaged, apparently by water, he visited

the warehouse and found other bales damaged and claims he saw a steam pipe with a valve above where the bales lay, but it being the month of June and no steam in the pipe no water was dripping from the valve. Bales were opened and the matting covering found rotted and 120 pounds of tobacco ruined, it is claimed, by water. This suit was brought to recover for the loss of 120 pounds of tobacco and the duty thereon, and upon trial before a jury plaintiff had verdict for $772. At the trial defendant moved for a verdict in its favor on the ground that plaintiff had not established by any direct testimony, nor by any reasonable conclusion from surrounding circumstances or inference that the cause of the damage was by reason of negligence on the part of defendant. Decision of the motion was reserved and after verdict the motion was renewed and, notwithstanding the verdict, judgment was entered for defendant. Plaintiff has brought the case here by writ of error and asks that the judgment so entered be set aside and judgment ordered in accordance with the verdict.

At the time of the trial our opinion in *Thomas Canning Co.* v. *Railway Co.*, 211 Mich. 326, had not been handed down. The learned trial judge was of the opinion that the claim of plaintiff as to how the damage occurred rested entirely upon conclusion based upon mere conjecture and without any proof of defective valves or steam pipes, as charged in the declaration. There was testimony that the tobacco was in good condition when received by defendant and some of it had been damaged by water when opened some time later.

Plaintiff relies upon the rule laid down in *Thomas Canning Co.* v. *Railway Co.*, above cited, and claims, under the circumstances, the burden of establishing before the jury the absence of negligence in caring for the tobacco rested upon defendant.

Counsel for defendant points out the following language in *Thomas Canning Co.* v. *Railway Co.*:

"It should be borne in mind that we are not here dealing with a loss occasioned by an accidental fire or explosion, of unexplained loss, of leakage or theft,"

and insists that such language indicates the opinion has no application to the case at bar. The leakage there referred to relates to loss from some receptacle or container furnished by the owner and not to water or other substance dripping upon or coming into contact with wares or merchandise stored, and "unexplained loss" there mentioned does not relate at all to damage to wares or merchandise in the warehouse.

If the tobacco was delivered to defendant in good condition, and returned damaged in such a way as does not usually occur by the exercise of proper care, negligence will be presumed, and the burden is on the warehouse keeper to overcome such presumption by evidence showing due care. The charge of the court placed upon plaintiff the burden of establishing want of due care on the part of defendant and the jury under the evidence found in favor of plaintiff. The opinion in *Thomas Canning Co.* v. *Railway Co.*, *supra*, so fully meets the points in the case at bar as to render further discussion thereof unnecessary.

Counsel for defendant urges the fact that, the tobacco being in bond, was in the joint custody of the United States customs officers and defendant, and the consequent lack of exclusive possession and control by defendant should preclude the application of the rule above mentioned. We cannot so hold. The relation between plaintiff and defendant stands apart from the special custody of the customs officers and brings the parties within the rule contended for by plaintiff. *Schwerin* v. *McKie*, 51 N. Y. 180 (10 Am. Rep. 581).

Counsel for defendant asks that, in case we find there was error in entering judgment for defendant,

a new trial be granted instead of ordering judgment entered for plaintiff on the verdict, because the circuit judge was in error in permitting a recovery of the import duty upon the tobacco damaged.   Plaintiff testified he had unsuccessfully tried to have the duty remitted.

Counsel for defendant, in support of this position, cites U. S. Rev. Stat. § 2984.   It is apparent on the face of the section cited that it relates only to "actual injury or destruction, in whole or in part, of any merchandise, by accidental fire, or other casualty," and this is placed beyond question by the preceding section which reads:

"In no case shall there be any abatement of the duties or allowance made for any injury, damage, deterioration, loss, or leakage sustained by any merchandise, while deposited in any public or private bonded warehouse."   U. S. Rev. Stat. § 2983.

There is no merit in the point so raised.

The learned circuit judge was in error in entering judgment for defendant, and the judgment so entered is set aside, and judgment ordered entered in the circuit in accordance with the verdict of the jury, with costs to plaintiff.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.