PENNSYLVANIA RAILROAD CO. *v.* DENNIS' ESTATE.

1. BAILMENT—NEGLIGENCE OF BAILEE A QUESTION OF FACT WHERE DAMAGE CAUSED BY FIRE—BURDEN UPON BAILOR.

Where a car was delivered by a carrier to a shipper to be loaded with potatoes under such circumstances as to require a fire in the car, which was understood by both parties and therefore became a part of their contract of bailment, whether damage to the car by fire while it was being loaded was caused by the shipper's negligence

On presumption and burden of proof where subject of bailment is destroyed or damaged by fire, see note in 9 A. L. R. 559.

was an issue of fact, with the burden of proof resting at all times upon the carrier.[1]

2. SAME—DAMAGE BY FIRE NOT NECESSARILY RESULT OF NEGLIGENCE.

When a bailor shows the damage was by fire there is no *prima facie* case of negligence made against the bailee, for fire is a risk incident to property and not necessarily occasioned by negligence.[2]

Error to Emmet; Hawley (Royal A.), J., presiding. Submitted April 14, 1925. (Docket No. 64.) Decided June 18, 1925.

The Pennsylvania Railroad Company presented a claim against the estate of Jesse S. Dennis, deceased, for damage to a freight car by fire. The order of the probate court was appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*Henry Miltner* (*C. J. Pailthorp*, of counsel), for appellant.

*B. H. Halstead*, for appellee.

WIEST, J. January 10, 1922, Jesse S. Dennis operated a potato warehouse at Brutus and, at his request, plaintiff railroad company placed a refrigerator car on his side track to be loaded with potatoes. The weather was cold and it was necessary to have a fire in the car. The loading was not completed the day the car was placed and during the night the car caught fire and was damaged. Mr. Dennis died and plaintiff presented a claim against his estate for the damage occasioned the car. The claim is predicated on the law of bailment. Upon trial by jury verdict was rendered in favor of defendant and judgment entered thereon. Plaintiff reviews by writ of error.

---

[1]Bailments, 6 C. J. § 160; [2]Id., 6 C. J. § 160.

The points presented turn upon whether the burden remained with plaintiff, at all stages of the trial, to establish by evidence that the fire was occasioned by the negligence of Mr. Dennis, hereinafter called defendant. To protect the potatoes from frost, a so-called potato stove was installed in the center of the car, with a pipe, protected by tin, passing through a hole in a false door and an oil heater placed in the ice bunker at each end of the car. The car was lined with heavy paper, and about six inches of straw placed over the floor, but not where the stove stood. Upon this straw, bags of potatoes were piled. The paper lining and the use of straw and the loading followed the customary practice. No defect in the stove was shown but it is claimed that where the pipe went through the false door there was but the thickness of a sheet of tin between it and the wood. This, however, was controverted. Plaintiff claimed at the trial that it was customary to dump the fire from the stove at night or leave only a few coals with the stove draft tightly closed and offered proof tending to show there was a considerable fire left in the stove. This also was controverted by testimony that the stove was dumped. About midnight a train crew discovered sparks dropping from the center of the car and when the car door was opened the fire was found all over the east side of the car in the vicinity of the door and upon each side of it. The car when placed on the side track was in good order. Plaintiff claims:

"That when it showed delivery of the car in good condition to the defendant, it made a *prima facie* case against the defendant, and that at once the burden of proof devolved upon the defendant to show that, while the car was in his possession and under his control, he was free from negligence, and exercised due and ordinary care, as to the cause or causes by reason of which the car was damaged."

231—Mich.—24.

This position was covered by several requests to charge, and presents the decisive point in the case. The circuit judge was of the opinion that plaintiff, in order to recover, had the burden of establishing want of care on the part of defendant, and defendant was not required to exonerate himself from blame for the fire, by showing due care.    Plaintiff does not claim defendant was an insurer of the car against loss or damage by fire; while counsel for defendant insists he would be held as an insurer if required to respond in damages unless he frees himself from blame.    The rule contended by plaintiff, in a case of damage by fire, rests on the doctrine *res ipsa loquitur*, which does not prevail in this jurisdiction.    We get no help from the cases of bailment where the damage could only happen by reason of want of care; such cases stand apart from damage occasioned by fire, for fire is a risk incident to property and not always occasioned by negligence.    The bailment in this instance was for the mutual benefit of the shipper and the carrier.    The purpose was to load the car with potatoes, and the customary method to be employed, and the essential of heating the car, and manner thereof, were understood by both parties and became a part of their contract of bailment and must be considered in measuring the rights of plaintiff and the liability of defendant.    Defendant at the time of the fire was making an authorized use of the car and whether he was negligent in such use was an issue of fact, with the burden resting at all times upon the plaintiff.    Plaintiff made a *prima facie* case in showing delivery of the car in good order to defendant and its return in a damaged condition, but, in showing the damaged condition was occasioned by fire, it destroyed its *prima facie* case and the duty of showing negligence remained.    When a bailor shows the damage was by fire there is no *prima facie* case of

negligence made and the bailee is not called upon to go forward with proof in exoneration, for fire does not necessarily speak of negligence in its origin. The circumstances disclosed relative to the fire, its place of origin in the car and its inferred cause, from known facts, were for the jury and constituted a part of plaintiff's case under its charge of negligence, but dia not shift the burden to defendant to exonerate himself by a showing of due care.

We think the rule in case of damage by fire is well stated by the annotator in 9 A. L. R. 559:

"The questions under annotation as to the burden of proving negligence and as to presumptions of negligence, where the subject-matter of the bailment is destroyed by fire, are not free from difficulty, due in part to differences of opinion of the different courts, but more especially to confusion in the use of the phrase 'burden of proof,' and to the fact that there is usually some evidence as to the circumstances of the fire, and the question whether negligence may be presumed from the fact of the fire arises in connection with the circumstances of the particular case. The terms 'burden of proof' and 'going forward' with the evidence are, of course, quite distinct, when properly used, a duty to go forward with the evidence frequently resting on one who does not have the ultimate burden of proof.

"The rule seems to be well settled that a *prima facie* case is ordinarily made out for the bailor when he proves the bailment and a failure to return the property on demand. The duty then devolves on the bailee to 'go forward' with evidence to rebut this *prima facie* case. The important question for the purposes of this note would seem to be whether proof of destruction by fire is in itself sufficient in rebuttal, or whether an inference may be drawn from the mere fact of the fire that the bailee was negligent, imposing on the bailee the duty of producing evidence as to the circumstances of the fire sufficient to show, at least *prima facie*, that he exercised due care. If no such inference arises, as the majority of the cases holds, then it would seem that the failure to return the

property being accounted for by a cause not in itself tending to show negligence, the bailor's *prima facie* case disappears and he still has the duty of going forward with the evidence, as at first, to prove that the loss was due to the bailee's negligence. This is the view sustained, apparently, by the weight of authority.

"It must be apparent that, on the question under consideration, cases of loss by other causes than by fire, while valuable sometimes for argumentative purposes, are by no means conclusive authority. Losses by theft would appear to be closely analogous."

*Grand Rapids, etc., R. Co.* v. *L. Starks Co.*, 172 Mich. 270 (Ann. Cas. 1914C, 632), does not support the contention of plaintiff. It is true the trial judge in that case instructed the jury, in substance, in accord with the claim of the plaintiff herein, but judgment there passed for defendant and, upon review by plaintiff, this court without approving the instruction, so given, held the plaintiff could not complain. This was not equivalent to saying that plaintiff was entitled to such an instruction. We there called attention to decisions upon "the rights and responsibilities of parties connected with the destruction by fire of a potato car, in which a stove has been set up and fire maintained," and quoted:

"That the burden of proof upon all the issues raised by both counts [the losses occasioned by the destruction of Rolfe's storehouse and of the two cars] was upon the plaintiffs. The fact that the defendant had the exclusive control of the interior of the potato car did not alter the situation in this respect,"

and stated:

"This is contrary to plaintiff's contention that proof of the destruction of the car by fire, while defendant was in control of the said car and maintaining a fire in it while engaged in its loading, established liability, unless defendant proved itself free from negligence. But the court did, as we have shown, put the burden of such proof on defendant, in whose behalf testimony

was introduced to the effect that it was necessary and customary to maintain fires in stoves in such cars while being loaded with potatoes in the winter; that this was known and permitted by plaintiff; that the stove was sound, of the kind commonly used and was properly set up in the usual manner; that due care was exercised in firing and caring for the same, thus squarely raising an issue of fact for the jury as to defendant's negligence."

The court then stated a disposition of the case and not a rule of law governing issues and instructions in future cases, in saying:

"We think, under the authorities cited, that the charge of the court upon that issue was fully as favorable to the plaintiff as it was entitled to."

This does not sanction the rule invoked by plaintiff.

The so-called "modern rule" is applicable to cases where loss of or damage to the subject of bailment necessarily speaks of negligence. See *Thomas Canning Co.* v. *Railway Co.*, 211 Mich. 326, and cases there cited. But, as we have pointed out, loss by or damage to property by fire carries no such message.

We find no reversible error.

The judgment is affirmed, with costs to defendant.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.