DOUGLAS SHOE CO. *v.* PERE MARQUETTE RAILWAY CO.

1. CARRIERS—FEDERAL TRANSPORTATION ACT—DISTINCTION BETWEEN NOTICE OF LOSS AND CLAIM THEREFOR.

Under the Federal transportation act (41 U. S. Stat. p. 456), a distinction is made between the giving of notice to a carrier of a loss sustained by reason of failure to deliver a shipment and the filing of a claim for damages therefor, and each is made a condition precedent to recovery unless the loss is due to the carrier's negligence.

2. SAME — KNOWLEDGE OF LOSS BY CARRIER DOES NOT EXCUSE SHIPPER'S FAILURE TO MAKE CLAIM THEREFOR.

Even if the carrier's knowledge that a shipment was stolen in transit renders the giving of notice of loss unnecessary, it does not follow that such knowledge excuses the filing of a claim therefor within the time limited in the bill of lading and in the Federal transportation act (41 U. S. Stat. p. 456).

3. EVIDENCE—BURDEN OF PROOF FIXED BY PLEADINGS—MAKING OF
PRIMA FACIE CASE MERELY SHIFTS BURDEN OF PROCEEDING.

The burden of proof is fixed by the pleadings, so that,
where the declaration alleges negligence, in order to re-
cover the plaintiff must prove it by a preponderance of
evidence, and while the making of a *prima facie* case by
plaintiff shifts the burden of proceeding to the defendant,
it does not shift the burden of proof.

4. CARRIERS—FAILURE TO DELIVER DOES NOT RAISE PRESUMPTION
OF NEGLIGENCE WHERE CAUSED BY FIRE OR THEFT.

The general rule that failure to make delivery of goods
intrusted to a carrier for transportation raises a pre-
sumption of negligence does not prevail where failure to
deliver is accounted for by a cause not in itself tending
to show negligence, such as fire or theft.

5. SAME—NEGLIGENCE—SHOWING BY SHIPPER OF CARRIER'S FAILURE
TO DELIVER BY REASON OF THEFT DOES NOT MAKE PRIMA FACIE
CASE.

In an action by a shipper against a carrier for failure to
deliver goods intrusted to it for transportation, where
the shipper failed to show anything further than that
the goods had been intrusted to the carrier and had not
been delivered because they had been stolen, the shipper
did not make out a *prima facie* case, since the circum-
stances under which they were stolen, which might have
been such as to permit an inference of negligence, were
not shown.

6. SAME—SHIPPER FAILING TO FILE CLAIM AND FAILING TO SHOW
CARRIER'S NEGLIGENCE NOT ENTITLED TO RECOVER FOR GOODS
STOLEN IN TRANSIT.

Where a shipper failed to file a claim within the time
limited therefor in the bill of lading for goods stolen in
transit, and, in an action therefor, failed to show negligence
on the part of the carrier, it was not entitled to recover.

Error to Ionia; Warner (Glenn E.), J., presiding.
Submitted October 25, 1927.    (Docket No. 93.)    De-
cided January 3, 1928.

Case by the Douglas Shoe Company against the Pere

---

³Evidence, 22 C. J. §§ 14, 21; 23 C. J. § 1743; ⁴Carriers, 10 C.
J. § 580; 4 R. C. L. 917; ⁵Id., 10 C. J. § 580; ⁶Id., 10 C. J. §' 478
(Anno).

Marquette Railway Company, the New York Central Railroad Company, and others for loss of goods in transit.  Judgment for defendants *non obstante veredicto.*  Plaintiff brings error.  Affirmed.

*Glenn D. Mathews,* for appellant.

*W. ̇ K. Williams* and *John C. Shields* (*Eldred & Gemuend,* of counsel), for appellee Pere Marquette Railway Co.

*J. A. Boice,* for appellee New York Central Railroad Co.

McDONALD, J.   This suit was brought to recover damages for failure to deliver two shipments of shoes valued at $2,000.75.   The first shipment containing five cases of shoes was delivered at Brockton, Massachusetts, to the New York, New Haven & Hartford Railway Company for carriage to the Douglas Shoe Company at Ionia, Michigan.   This shipment was stolen somewhere on the lines of the New York Central, and consequently was not delivered.   The second shipment containing three cases of shoes was delivered and shipped in the same manner and was stolen from the Pere Marquette somewhere between Detroit and Grand Ledge, Michigan.   The declaration alleges negligence and conversion.   The defense was that the plaintiff could not recover because it had not filed its claim and had not begun its suit in the manner and within the time required by the bill of lading.   The case was submitted to the jury on the plaintiff's theory of negligence.   The verdict was against the Pere Marquette Railway Company for $777.25 and against the New York Central for $1,223.25.   Suit was dismissed as to the other defendants.   Subsequently the court entered judgment for the defendants *non obstante veredicto* for the reason that the plaintiff had not filed

its claim as required by the terms of the bill of lading and had not shown negligence.

As to the filing of claims for damages, the bill of lading contains the following stipulation:

"Except in cases where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, claims must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed."

It is conceded that no claim was filed within the time required by this stipulation. The plaintiff contends that the filing of a claim was not necessary because the defendants had knowledge of the fact that the shoes were stolen in transit and were not delivered. The bill of lading does not provide for the giving of notice, but merely requires the filing of a claim within a certain time. The transportation act of 1920 (41 U. S. Stat. p. 456) makes a distinction between the giving of notice and the filing of a claim, and treats each as a condition precedent to a recovery unless the loss is due to the carrier's negligence. If it can be said that the carrier's knowledge of the loss renders the giving of notice unnecessary, it does not follow that such knowledge excuses the filing of a claim. The purpose of the notice is to give the carrier an opportunity to promptly investigate. The filing of a claim is a demand for the payment of specified damages which the carrier has a right to allow or disallow before suit can be brought. But though this question is argued in the plaintiff's brief, the action is not based on the theory that the filing of its claim was unnecessary and that the defendants are liable though without fault. The suit is founded on negligence and there can be no recovery unless negligence is shown.

The burden of proof is fixed by the pleadings. The declaration alleges negligence. To recover, the plaintiff must prove it by a preponderance of evidence. The burden of proof never shifts. But the burden of proceeding shifts to the defendants if the plaintiff makes a *prima facie* case. It is the claim of the plaintiff that it made a *prima facie* case by showing a delivery of the goods to the defendants and their nondelivery to the consignee at Ionia.

There is no doubt about the general rule that the failure to make delivery of goods intrusted to a carrier for transportation raises a presumption of negligence. This is based on the theory that, ordinarily, the goods would have reached their destination and would have been delivered if the carrier had used care in transporting them. But this rule does not prevail where the failure to deliver is accounted for by a "cause not in itself tending to show negligence." Such a cause is fire or theft. There is no presumption of negligence from the mere fact of theft or fire. *Knights* v. *Piella,* 111 Mich. 9 (66 Am. St. Rep. 375) ; *Pennsylvania R. Co.* v. *Dennis' Estate,* 231 Mich. 367; *Southern Railway Co.* v. *Prescott,* 240 U. S. 632 (36 Sup. Ct. 469) ; *Gillette Safety Razor Co.* v. *Davis,* 278 Fed. 864.

See, also, *Firestone Tire & Rubber Co.* v. *Pacific Transfer Co.,* 26 A. L. R. 217 (120 Wash. 665, 208 Pac. 55), and *Beck* v. *Wilkins-Ricks Co.,* 9 A. L. R. 554 (179 N. C. 231, 102 S. E. 313), with annotations where the questions of presumption and burden of proof are exhaustively discussed.

Applying the doctrine of these cases to the cause before us, it is very plain that from the facts proven by the plaintiff there can arise no presumption of negligence. The defendants offered no evidence, so we must consider the case as the proof stood when the plaintiff rested. It had been established by the evi-

dence that the goods intrusted to the defendants had not been delivered. It had appeared that they had been stolen in transit. The fact of the theft had been stipulated by the parties, but the circumstances attending it were not shown. Circumstances under which the goods were stolen might be such as to permit an inference of negligence. But here the plaintiff failed to show anything further than the fact that the goods had been intrusted to the carriers for transportation and had not been delivered to the consignee because they had been stolen. As mere theft does not raise a presumption of negligence, the plaintiff did not make a *prima facie* case. The circuit judge correctly so held.

No claim having been filed as required by the stipulation in the bill of lading, and no negligence having been shown, the plaintiff cannot be permitted to recover.

The judgment is affirmed, with costs to the defendants.

FLANNIGAN, C. J., and NORTH, FELLOWS, WIEST, CLARK, BIRD, and SHARPE, JJ., concurred.