MAY G. MURPHY, Respondent, *v.* EASTERN GREYHOUND LINES, INC., OF NEW YORK, Appellant.

Fourth Department, March 24, 1932.

*Fuller, Brown & Hubbard* [*Kenneth W. Fuller* of counsel], for the appellant.

*Joseph Hopkins*, for the respondent.

TAYLOR, J. Plaintiff testified that she purchased a ticket at Utica, N. Y., to ride to New York city on a bus operated by defend-

ant; that she had a suitcase with her and boarded a bus at Utica; that the bus driver (who was the only employee of defendant upon the vehicle) took her suitcase and placed it on a rack which ran around the inside of the car near the top; that the bus stopped at several places on the way to New York and that at those stopping places a few passengers got on and off; that the suitcase was not checked by the driver; that when the passengers were about to alight at New York city they were told by the driver that their baggage would be put outside and they could identify their property; that plaintiff left the bus with the other passengers and that her baggage was missing. Plaintiff never recovered the suitcase nor its contents. Claiming that the loss was due to the negligence of defendant, plaintiff sued in the City Court of Utica for the value of the suitcase and contents and obtained a judgment which was affirmed by the County Court of Oneida county. The case is now here on appeal.

Taking plaintiff's story at its full value, when the bus driver placed the suitcase in the rack inside the bus in full view of plaintiff — not checking the suitcase or otherwise assuming complete control or dominion over it — defendant did not become a bailee of the article for hire or otherwise. No situation was brought about such as those illustrated in the cases involving losses of property by passengers on steamboats or Pullman cars, where hand baggage is placed for safe-keeping during the whole or a portion of a trip in the possession and under the control of a carrier's employees. (*Goldstein* v. *Pullman Co.*, 220 N. Y. 549; *Adams* v. *N. J. Steamboat Co.*, 151 id. 163.) The case is distinguishable also from *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.* (202 N. Y. 363) for there the trainman, acting within the scope of his customary employment, was the custodian of plaintiff's baggage for a considerable period of time during which property was abstracted from the suitcase. The proof here goes no further than to show that the driver of the bus did nothing more for plaintiff than he did for other passengers, *i. e.*, place her suitcase in an open rack, instead of leaving her to do so herself, and then remove her baggage from the bus at the terminal point of the journey as a favor, an act not proved to have been a part of the accommodations paid for, nor even to have been customarily done. No bailment, custody or control was proved such that the loss of the suitcase could be fairly attributed to negligence for which the company would be liable. No possession so exclusive as to make defendant an insurer is claimed. The relations between the parties are quite similar to those involved in *Union Pacific R. R. Co.* v. *Grace* (22 Wyo. 452), where relief was denied plaintiff.

The judgment should be reversed on the law and facts and the complaint dismissed, with costs in all courts.

All concur, except THOMPSON, J., who dissents and votes for affirmance on the ground that when plaintiff boarded defendant's bus the driver required her to deliver her suitcase to him and he deposited it in a compartment of the bus provided for the storage and carriage of baggage, which was not connected with or in sight of the seat occupied by plaintiff. Upon plaintiff's arrival at her destination the driver directed her and other passengers to alight and announced that their baggage would be delivered to them upon identification. In such circumstances the evidence presents a fair question of fact upon the liability of the defendant to the plaintiff for negligence. (*Holmes* v. *North German Lloyd S. S. Co.*, 184 N. Y. 280, 283.) Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.