BLAIR v. PENNSYLVANIA GREYHOUND LINES, INC.

1. APPEAL AND ERROR—FINDING FOR PLAINTIFF—STIPULATIONS—INFERENCES.

On appeal from finding for plaintiff, in case tried without a jury and where facts were stipulated, on ground that such finding was contrary to law, defendant is bound by facts stipulated, by reasonable inferences from them most favorable to plaintiff and is not entitled to assumption of fact or inference in its favor to supply omissions from the stipulation.

2. CARRIERS—PASSENGERS—BAGGAGE.

Carrier of passengers by motorbus which did not have exclusive charge of baggage during interstate trip in course of which a change of busses accompanied by an hour wait-over had been had and baggage was carried on rack over seat of, in sight of, and accessible to, passengers held, not liable as common carrier for loss of baggage.

3. SAME—BAGGAGE—SPECIAL BAILMENT—NEGLIGENCE—DELIVERY.

When interstate motorbus arrived at destination in this State, driver told passengers to alight and that they should claim baggage as it was handed out, carrier became, through him, a special bailee with liability only for negligence in failing to make proper delivery.

4. SAME—BAGGAGE—DELIVERY—NEGLIGENCE—PROXIMATE CAUSE.

Failure of passenger to claim baggage when interstate motorbus arrived at destination in this State and driver requested passengers to alight and claim baggage as it was handed out did not place carrier in position of insurer and require manual delivery to her or into her custody where she was in a position to claim it, but carrier is liable under such circumstances only if negligence of driver or porter was the cause of passenger's failure to claim or receive it.

5. SAME—BAGGAGE—BAILMENTS—DELIVERY—NEGLIGENCE—BURDEN OF PROOF—STIPULATIONS.

In action by passenger of motorbus for loss of baggage where stipulated facts showed delivery to carrier as bailee and failure

to return it, burden of proof of due care was cast upon defendant but where stipulation does not show that baggage was not delivered to another person through carelessness or design of the driver or porter, such burden is not sustained.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted April 22, 1936. (Docket No. 26, Calendar No. 38,643.) Decided June 4, 1936.

Action by Ruth Blair against Pennsylvania Greyhound Lines, Inc., a foreign corporation, for damage for loss of baggage and contents. Judgment for plaintiff. Defendant appeals. Affirmed.

*Sempliner, Dewey, Stanton & Honigman* (*Thomas L. Poindexter* and *Gordon J. Ernst,* of counsel), for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

FEAD, J. Plaintiff had judgment in trial before the court without a jury for value of baggage and contents lost to her under the following circumstances stipulated by counsel:

"The plaintiff, Ruth Blair, purchased a ticket in Washington, D. C., for a trip to Detroit, Michigan, on a Greyhound bus. She rode on the bus from Washington to Pittsburgh, Pa., at which point there was a change of busses and also a one hour wait-over. When the bus was ready to leave Pittsburgh for Detroit, the porter placed the plaintiff's baggage on the baggage rack inside of the bus above the seat of the passenger. The plaintiff saw the baggage placed on bus. She also saw the baggage on the bus during trip to Detroit. The baggage compartment is not closed in so that the baggage is within the view of the passengers.

"When the bus arrived at Detroit, the driver asked all of the passengers to alight from the bus, stating that he would hand out the baggage and ask each passenger to claim his baggage as it was handed out. All of the passengers stood around the door of the bus as the baggage was handed out by the porter. When all of the passengers had received baggage, except the plaintiff, there was one bag over, which was similar to the plaintiff's but which was not her bag. Plaintiff before suit demanded baggage which was not delivered.

"The baggage in question consisted of wearing apparel with an agreed valuation of $150."

The only assignment of error is that the finding was against the law. Defendant, therefore, is not only bound by the facts stipulated, but also by the reasonable inferences from them most favorable to plaintiff. It is not entitled to assumption of fact or inference in its favor to supply omissions from the stipulation.

*Murphy* v. *Eastern Greyhound Lines, Inc.,* of *New York,* 235 App. Div. 109 (256 N. Y. Supp. 114), relied on by defendant, is closely in point on the facts. By a divided court, the carrier was held not liable for loss of baggage. But the opinion is unsatisfactory in the statement of principles and seems in conflict with other New York cases.

The record does not indicate that defendant had exclusive charge of plaintiff's baggage during the trip and, therefore, it is not liable as a common carrier. However, when the driver told the passengers to alight and he would hand out the baggage, defendant, through him, assumed control of all baggage in the bus. Defendant then became a bailee, under special duty, and liable as such. Its obligation was not that of an insurer—to see that the baggage was de-

livered to the owner. It was liable only for negligence in failing to make proper delivery. If the driver handed out plaintiff's baggage with that of the other passengers where she could claim it and was in a position to do so, he had no legal duty to manually deliver it to her or into her custody. Nevertheless, if, under the circumstances, the baggage was handed out and plaintiff's failure to claim or receive it was due to the negligence of the porter, defendant would be liable. *Holmes* v. *North German Lloyd S. S. Co.,* 184 N. Y. 280 (77 N. E. 21, 5 L. R. A. [N. S.] 650); *Hasbrouck* v. *Railroad Co.,* 202 N. Y. 363 (95 N. E. 808, 35 L. R. A. [N. S.] 537, Ann. Cas. 1912 D, 1150); *Springer* v. *Pullman Co.,* 234 Pa. 172 (83 Atl. 98); *Atlantic Coast Line R. Co.* v. *Barksdale,* 32 Ga. App. 643 (124 S. E. 362).

Plaintiff invokes the rule that a *prima facie* case was made by showing delivery to the bailee and failure to return it, thereby raising the presumption that failure to deliver was through negligence of the driver or porter, casting upon defendant the burden of showing they were not negligent. *Baehr* v. *Downey,* 133 Mich. 163 (103 Am. St. Rep. 444, 14 Am. Neg. Rep. 84); *Fraam* v. *Railway Co.,* 161 Mich. 556 (29 L. R. A. [N. S.] 834, 3 N. C. C. A. 211, 21 Ann. Cas. 96). In *Union Pacific R. Co.* v. *Grace,* 22 Wyo. 452 (143 Pac. 353, L. R. A. 1915 B, 608), relied upon by defendant and somewhat similar in the facts, the rule was recognized but apparently not followed as the burden of proof of negligence was cast upon the owner of the baggage and resulted in a finding of nonliability of defendant. This raises a question which must be determined from lack of facts rather than from the facts stipulated. The stipulation of facts fails to close the door upon the possibilities

that plaintiff's baggage was not taken out of the bus or that it was delivered to another person through carelessness or design of the porter. The failure of defendant to make a showing of due care upon the part of the porter prohibits reversal.

Affirmed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.