**GREENE et al.**

v.

**NEW YORK CENT. R. CO.**

**No. 11814.**

United States Court of Appeals
Sixth Circuit.

Dec. 17, 1953.

Ward & Plunkett, Detroit, Mich., for appellants.

William A. Alfs, Detroit, Mich., for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

**PER CURIAM.**

Appellants and their subrogated insurer sued the New York Central Railroad Company, asking damages for alleged negligence resulting in the loss of two traveling bags, containing furs and jewelry of a stipulated value of $52,701. The loss occurred on appellee's train, bound from Chicago to Detroit. In the claim which appellants made to their insurance company for the loss, it was stated that the luggage was stolen from the train on which appellant Manola H. Greene was traveling, after it had been removed from her stateroom by the porter, with her consent, and stacked on the vestibule platform preparatory to unloading it on arrival at Detroit. In the complaint, it was set forth that the railroad, by its negligence, caused or brought about the delivery of the bags to persons not entitled to their possession; that it was appellee's duty not to permit strangers to take or seize the luggage but to keep such a guard over it that such persons would not be permitted to steal it; that appellee permitted its servants to neglect such duty and permitted the baggage to be made available to unauthorized persons; and that the luggage was removed while it was within the railroad yard of appellee and while it was under its custody and control.

It is contended that the trial court erred: in instructing the jury as to the degree of care required to be exercised by appellee; the claimed duty of watching and guarding the baggage by the porter or employees of appellee; the duty of a bailee under the circumstances of this case; and the burden of proof. It is also claimed that the district court erred in refusing, on motion of appellants, to strike considerable testimony of witnesses, on the ground that it was incompetent, and that the court further erred in denying appellants' motion for a new trial.

We have examined the instructions given the jury by the trial court and find that they correctly state the law as to negligence, due care, duty of a bailee, and burden of proof. The evi-

dence which it is claimed was incompetent was admitted without objection, and the motion to strike was not made until the conclusion of the proofs. Under these circumstances, there was no error on the part of the trial court in refusing to strike the testimony in question. Moreover, the consideration of this evidence by the jury could not, in our view, prejudice appellants as it directly bore upon, and substantiated, one of the theories of appellants to the effect that the property had been stolen, as well as the sole theory of appellee that it was stolen. Appellants' motion for a new trial was denied by the district court in an order accompanied by a comprehensive opinion, 105 F.Supp. 944, with which we find ourselves in accord.

The verdict of the jury was sustained by substantial evidence. There was no error in the conduct of the trial, the rulings of the trial court, or the instructions to the jury. The judgment of the district court is affirmed, in accordance with the reasons set forth in the opinion of Judge Levin denying appellants' motion for a new trial.