COLUMBUS JACK CORPORATION v SWEDISH CRUCIBLE STEEL
CORPORATION

1. BAILMENT—DAMAGED PROPERTY—BURDEN OF PROOF—EVIDENCE—
   PRIMA FACIE CASE—NEGLIGENCE—DELIVERY OF GOODS—DE-
   MAND—FAILURE TO RETURN GOODS.

   A bailor who sues for loss or damage to bailed property has the
   burden of proving the bailee's negligence; however, a prima
   facie case of negligence is made by a bailor when he alleges
   delivery of the goods to the bailee and the bailee's failure to
   return the goods after a proper demand.

2. BAILMENT—EVIDENCE—PRIMA FACIE CASE—DAMAGED PROPERTY—
   FIRE—NEGLIGENCE.

   A bailor's prima facie showing of the negligence of a bailee is
   destroyed where there is a showing that the loss of property
   was occasioned by fire, because fire does not necessarily speak
   of negligence in its origin.

3. BAILMENT—DAMAGED GOODS—FIRE—BURDEN OF PROOF—EVIDENCE
   —PRIMA FACIE CASE—NEGLIGENCE.

   A bailor who shows the damage to bailed goods was by fire has
   the burden of proof to show that the bailee was negligent in
   caring for the bailed property and no prima facie case of
   negligence is made which would require the bailee to go for-
   ward with proof of exoneration.

Appeal from Wayne, George E. Bowles, J. Sub-
mitted Division 1 December 11, 1973, at Detroit.
(Docket No. 16838.) Decided March 6, 1974. Leave
to appeal granted, 392 Mich 768.

Complaint by Columbus Jack Corporation and
Factory Mutual Engineering Corporation, its sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Bailments §§ 313, 314.
[2] 8 Am Jur 2d, Bailments §§ 142, 326.
[3] 8 Am Jur 2d, Bailments §§ 307, 310, 314–316, 319–321.

rogee, against Swedish Crucible Steel Corporation to recover damages sustained as a result of the loss of metal patterns which had been stored in defendant's manufacturing plant. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Davies, Rudzki & Zeder* (by *Clair R. Carney*), for plaintiffs.

*Denenberg, Tuffley & Thorpe,* for defendant.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

BASHARA, J. Plaintiffs commenced suit on April 15, 1971, to recover damages sustained as a result of the loss of metal patterns which had been stored in defendant's manufacturing plant. Plaintiffs alleged that a mutual benefit bailment existed between the parties and that defendant negligently breached the agreement by failing to return the patterns on demand. Defendant's response to the charges was that it was not negligent and that a fire of undetermined origin had caused the patterns to be damaged. Defendant filed a motion for summary judgment based on GCR 117.2(1), failure to state a claim upon which relief can be granted on the ground that destruction by fire in itself was not evidence of negligence as a matter of law. The motion was granted by the trial court as plaintiffs had not intended to offer any evidence of defendant's negligence. The court further stated that since:

"[I]ts burden for establishing negligence with respect to the bailee's conduct with reference to this fire re-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

mains under Michigan rule on the bailor, I would grant the motion for summary judgment."

The sole issue we decide in this appeal is whether the bailee must show his freedom from negligence when bailed goods are damaged by fire and the bailor has no evidence of negligence to introduce. Generally, the bailor who sues for loss or damage to bailed property has the burden of proving the bailee's negligence. However, a prima facie case of negligence is made by the bailor when he alleges delivery of the goods to the bailee, and the latter's failure to return after a proper demand. *Thomas Canning Co v Pere Marquette R Co,* 211 Mich 326; 178 NW 851 (1920).

The courts of other states are divided on whether proof of destruction by fire is by itself a sufficient rebuttal to bailor's prima facie case. The only Michigan decision to address the issue was *Pennsylvania R Co v Dennis' Estate,* 231 Mich 367; 204 NW 89 (1925), where the Court determined that the bailor's prima facie showing of negligence was destroyed if the loss of property was occasioned by fire. The Court further stated that:

"When a bailor shows the damage was by fire there is no prima facie case of negligence made and the bailee is not called upon to go forward with proof in exoneration, for fire does not necessarily speak of negligence in its origin." *Dennis, supra* at pp 370–371; 204 NW 90.

The burden, according to *Dennis, supra,* would then rest on plaintiffs to show defendant was negligent in caring for the bailed property.

This Court is inclined to adopt that which 8 Am Jur 2d, Bailments, § 316, p 1204, has called the modern view. It is there stated that the bailor's prima facie case is not destroyed by proof of fire:

"[T]his is on the theory that such occurrence, while possibly consistent with freedom from negligence on the bailee's part, does not excuse the bailee's failure to perform his contract unless in fact he exercised due care, a fact which, if explainable at all, is ordinarily explainable by facts peculiarly within the knowledge of the bailee; hence the bailor's proof of the cause of loss by fire or theft where unexplained is sufficient to carry the case to the jury on the issue of negligence even where the bailor has the ultimate burden of proof on that issue."

The rationale of the rule urged by the plaintiffs is sound and is favored by this panel. Although *Dennis, supra,* was decided in 1925 and the passage of time warrants a review of the correctness of its holding today, we are without authority to discard it. Aside from the question of the power of this Court to change a clearly stated rule of law and the principle of stare decisis, the unanimous opinion of our own Supreme Court in *Dennis, supra,* still commands the "weight of authority". 8 Am Jur 2d, Bailments, § 315, p 1202.

Affirmed. Costs to defendant.

All concurred.