## COLUMBUS JACK CORPORATION v SWEDISH CRUCIBLE STEEL CORPORATION

Docket No. 55700. Argued January 8, 1975 (Calendar No. 5).—Decided April 7, 1975.

Columbus Jack Corporation and Factory Mutual Engineering Corporation, its subrogee, brought an action against Swedish Crucible Steel Corporation to recover damages for the loss of metal patterns which were destroyed in a fire of undetermined origin in defendant's factory. The Wayne Circuit Court, George E. Bowles, J., granted a summary judgment for defendant. The Court of Appeals, Lesinski, C. J., and Bashara and Van Valkenburg, JJ., affirmed (Docket No. 16838). The Supreme Court granted leave to appeal in order to review the rule that a bailor seeking damages for goods destroyed by fire has the burden of establishing want of care on the part of the bailee, and the bailee is not required to exonerate himself from blame for the fire by showing due care. *Held:*

1. The general rule in bailments is that where the bailed property is lost, damaged, or stolen while it is in the exclusive control of the bailee, the bailee should be charged with the burden of going forward to rebut the presumption of his negligence to establish that the loss, damage, or theft was without his fault. The exception recognized in case law where the loss is occasioned by fire should not be continued, and *Pennsylvania R Co v Dennis' Estate*, 231 Mich 367; 204 NW 89 (1925), which established that exception, is overruled.

2. Where bailed property is destroyed by fire on the bailee's premises, proof of damage or destruction by fire in itself is not sufficient in rebuttal of the bailor's prima facie case, based on return of the bailed property in a damaged condition or no return at all; the bailee must go further and show the absence of negligence on his part.

3. The defendant-bailee may be required to produce evidence of the actual circumstances surrounding the origins of the fire or theft, including the precautions taken to prevent the loss.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Bailments § 317.

52 Mich App 62; 216 NW2d 446 (1974) reversed.

231 Mich 367; 204 NW 89 (1925) overruled.

BAILMENT—DAMAGED PROPERTY—NEGLIGENCE—PRESUMPTIONS—BUR-
DEN OF PROOF—FIRE—THEFT.

Where bailed property is lost, damaged or stolen, while it was in
the exclusive control of a bailee, he is charged with the burden
of going forward to rebut the presumption that he was negli-
gent with evidence to establish that the loss, damage, or theft
was occasioned without his fault; this may require a defendant-
bailee to produce evidence of the actual circumstances sur-
rounding the origins of the fire or the theft, including the
precautions taken to prevent the loss.

*Davies, Rudzki & Zeder* (by *Clair R. Carney*), for
plaintiffs.

*Denenberg, Tuffley & Thorpe,* for defendant.

T. M. KAVANAGH, J. Plaintiff Columbus Jack
Corporation was the owner of certain metal pat-
terns having a value of $14,678. These patterns
were being utilized by defendant, the Swedish
Crucible Steel Corporation, in its manufacturing
business and were stored by the defendant at its
factory in Hamtramck, Michigan. The metal pat-
terns were destroyed by a fire of undetermined
origin which ravaged the defendant's factory on
May 5, 1970.

Plaintiffs filed their two-count complaint on
April 15, 1971, and amended it on September 27,
1972. Count I of the complaint alleged that defend-
ant's negligence had caused the damage to the
metal patterns while Count II alleged the exis-
tence of a mutual benefit bailment where by agree-
ment defendant was liable for *any* loss or damage
to the patterns.

On March 6, 1973, the trial judge granted de-
fendant's motion for summary judgment. In doing
so, the judge ruled that: (1) there was no evidence

of an agreement by defendant to be absolutely liable for damage to the patterns, and (2) as a matter of law, where the undisputed facts establish that a fire of undetermined origin caused the damage to the bailed property, the plaintiff is not entitled to the benefit of a presumption of negligence which arises from a showing of (a) delivery of the property to the bailee, (b) a demand for the return of the property, and (c) bailee's failure to return the property in an undamaged condition.

The Court of Appeals affirmed[1] on March 6, 1974, and this Court granted plaintiffs' application for leave to appeal[2] on June 27, 1974, in order to review the continuing viability of the rule set forth in *Pennsylvania R Co v Dennis' Estate,* 231 Mich 367; 204 NW 89 (1925). We did so because both the trial judge and the Court of Appeals panel suggested that the rationale behind the *Dennis, supra,* decision is no longer sound.

The trial judge voiced his dissatisfaction with the rule during argument on the motion for summary judgment by saying:

"As an original proposition, I would be very frank to say that I would have trouble with the rule, particularily *[sic]* in the context of this case where a *[sic]* patterns are delivered over. The industrial establishment has exclusive control and management of the enterprise, exclusive control and management of the patterns and it seems a little unrealistic to me that the bailor has to prove negligence. That's the rule of Michigan. There isn't any doubt that certain jurisdictions have gone the other way. Maybe Michigan will now recognize it is slowly being whittled away."

---

[1] *Columbus Jack Corp v Swedish Crucible Steel Corp,* 52 Mich App 62; 216 NW2d 446 (1974).

[2] *Columbus Jack Corp v Swedish Crucible Steel Corp,* 392 Mich 768 (1974).

Likewise, the Court of Appeals expressed its desire to have a new rule adopted, 52 Mich App 62, 64–65.

"This Court is inclined to adopt that which 8 Am Jur 2d, Bailments, § 316, p 1204, has called the modern view. It is there stated that the bailor's prima facie case is not destroyed by proof of fire:

" '[T]his is on the theory that such occurrence, while possibly consistent with freedom from negligence on the bailee's part, does not excuse the bailee's failure to perform his contract unless in fact he exercised due care, a fact which, if explainable at all, is ordinarily explainable by facts peculiarly within the knowledge of the bailee; hence the bailor's proof of the cause of loss by fire or theft where unexplained is sufficient to carry the case to the jury on the issue of negligence even where the bailor has the ultimate burden of proof on that issue.'

"The rationale of the rule urged by the plaintiffs is sound and is favored by this panel. Although *Dennis, supra,* was decided in 1925 and the passage of time warrants a review of the correctness of its holding today, we are without authority to discard it. Aside from the question of the power of this Court to change a clearly stated rule of law and the principle of stare decisis, the unanimous opinion of our own Supreme Court in *Dennis, supra,* still commands the 'weight of authority'. 8 Am Jur 2d, Bailments, § 315, p 1202."

The *Dennis* decision involved a mutual benefit bailment between a potato shipper and a railroad company. Plaintiff railroad company was suing defendant potato shipper for damage to its refrigerator car caused by a fire. At the time of the fire the car was parked at defendant's warehouse for the purpose of loading potatoes for shipment.

Plaintiff sought to make use of a presumption of negligence which arises when the bailor proves the bailment and a failure to return the goods or their

return in a damaged condition. The trial judge,
however, instructed the jury that the plaintiff had
the burden of establishing want of care on the part
of the defendant, and the defendant was not re-
quired to exonerate himself from blame for the
fire, by showing due care.

In affirming the trial judge this Court said (pp
370–371):

"Plaintiff made a *prima facie* case in showing deliv-
ery of the car in good order to defendant and its return
in a damaged condition, but, in showing the damaged
condition was occasioned by fire, it destroyed its *prima
facie* case and the duty of showing negligence remained.
When a bailor shows the damage was by fire there is no
*prima facie* case of negligence made and the bailee is
not called upon to go forward with proof in exoneration,
for fire does not necessarily speak of negligence in its
origin. The circumstances disclosed relative to the fire,
its place of origin in the car and its inferred cause, from
known facts, were for the jury and constituted a part of
plaintiff's case under its charge of negligence, but did
not shift the burden to defendant to exonerate himself
by a showing of due care."

The key to this ruling was the rationale behind
the Court's decision. The Court distinguished this
case, involving destruction of the bailed property
by fire, from other types of destruction.

"We get no help from the cases of bailment where the
damage could only happen by reason of want of care;
such cases stand apart from damage occasioned by fire,
for fire is a risk incident to property and not always
occasioned by negligence." (p 370.)

"The so-called 'modern rule' is applicable to cases
where loss of or damage to the subject of bailment
necessarily speaks of negligence. See *Thomas Canning
Co. v Railway Co.,* 211 Mich 326 [178 NW 851 (1920)],
and cases there cited. But, as we have pointed out, loss

by or damage to property by fire carries no such message." (p 373.)

Clearly the Court grounded its decision on the fact that not all damages done by fires may be attributed to negligence. It is this rationale, and the rule supported by it, that the appellants, the trial judge and the Court of Appeals have questioned. After careful consideration of this rationale, this Court is convinced that the rule stated in *Pennsylvania R Co v Dennis' Estate,* 231 Mich 367; 204 NW 89 (1925), must be set aside.

The issue this Court has been asked to decide is:

"Where bailed property is destroyed by fire on the bailee's premises, is proof of damage or destruction by fire in itself sufficient in rebuttal of the bailor's prima facie case, based on return of the bailed property in a damaged condition or no return at all, or must the bailee go further and show the absence of negligence on his behalf?"

Analysis of the above issue and an understanding of our decision is aided by a brief history of the development of the presumption of negligence in bailment cases.

In the older cases it was often held that the loss or injury to property in the hands of a bailee raised no presumption of negligence. It was said that the law would attribute such unexplained losses to excusable causes rather than presume negligence of the bailee.

However, the courts were soon to recognize a serious problem. If the property was in the exclusive possession of the bailee, the plaintiff-bailor would have an extremely difficult task of establishing the facts necessary to prove a breach of the bailee's duty of due care. To remedy this situation

and to assist the bailor in establishing a prima facie case of negligence, the law was changed and bailors were thereafter entitled to a presumption of negligence if they could establish the bailment and the bailee's subsequent failure to return the goods in an undamaged condition.

This Court has recognized the difficulties that a plaintiff-bailor would have to face if it were not for the presumption of negligence. *Thomas Canning Co v Pere Marquette R Co,* 211 Mich 326; 178 NW 851 (1920), accurately described the rationale behind this rule:

"The bailee having the exclusive possession of the property has the exclusive means of showing what was done and what came of it."

We find this rationale to be of primary importance in all bailments where the bailee has exclusive control of the bailed property, regardless of the manner in which the loss was occasioned.

Other jurisdictions have recognized the importance of this rationale in cases where the bailed property is destroyed by fire while it is in the bailee's possession.

In *Frissell v John W Rogers, Inc,* 141 Conn 308, 311–312; 106 A2d 162, 164 (1954), that Court said:

"Fires which occasion damage to the subjects of bailment may and often do result from negligence, just as losses from theft may be made possible through the negligent conduct of a bailee. In logic and on authority, a bailee ought to be required to submit evidence of the circumstances surrounding the fire or the theft if he hopes to rebut the presumption upon which the law permits a prima facie case of liability to rest. He should not be legally able to escape the effect of a prima facie case through the mere fact of the fire or the theft. [Citing cases.] The isolated fact of destruction by fire or

loss by theft rebuts nothing. The bailee must prove
something more if he is to overcome the presumption.
He must prove the actual circumstances connected with
the origin of the fire or the theft, and these include the
precautions taken to prevent the loss."

Likewise, the Supreme Court of Utah in *Wyatt v
Baughman,* 121 Utah 98, 104–105; 239 P2d 193,
196 (1951), said of the split of authorities on this
issue:

"One of those schools of thought, which we acknowl-
edged, represented the majority view, is to the effect
that to meet the prima facie case of the plaintiff, made
by showing (a) and (b), the bailee needs only to prove
that the loss, damage or destruction resulted from fire,
theft, or other cause 'which on its face does not disclose
negligence by bailee and is not inconsistent with due
care on his part'.

"We there termed the assumption of bailee's negli-
gence upon the prima facie showing, a 'presumption',
but pointed out that the presumption disappears from
the cause upon proof by the bailee that the cause of the
loss, or destruction of, or damage to the res, was fire or
some other cause which does not disclose negligence
upon its face. With such disappearance of the presump-
tion, under this doctrine, the burden shifts back to the
plaintiff bailor to prove specific acts of negligence on
the part of the bailee. We rejected that principle.

"But we did accept, in face of the admission that it
represented a minority rule, the principle that when (a)
[the bailment] and (b) [the failure to return, or damage
to the bailed property] are shown by plaintiff, the
burden then rests upon the 'bailee to show that the
damage or loss *was not due to his negligence,* and he
stands the risk of non-persuasion on this point', (italics
added in the quotation) even though the loss is shown
to have resulted from fire or theft, etc. We accepted the
latter standard because we conceived that fire or theft
do not ordinarily occur where the owner or holder of
property exercises reasonable care and diligence to
protect it against those contingencies."

We agree. The mere fact that fires are sometimes spawned by other than negligent conduct is, in our opinion, no reason to eviscerate the general rule. Such is the result if the presumption of negligence is rebuttable by the sole fact that the damage was occasioned by fire.

Certainly some losses caused by fire or theft may be totally excusable. However, it is equally true that these losses may result from a lack of due care.[3] Because either one of these alternatives is possible we believe that where the bailed property is lost, damaged or stolen, while it was in the exclusive control of the bailee, he should be charged with the burden of going forward to rebut the presumption with evidence to establish that the loss, damage or theft was occasioned without his fault. This may require a defendant-bailee to produce evidence of the actual circumstances surrounding the origins of the fire or the theft, including the precautions taken to prevent the loss.

For the reasons above stated, *Pennsylvania R Co v Dennis' Estate, supra,* is overruled, and the

[3] For the purpose of illustration only we suggest a hypothetical case where the owner of a television set leaves it at a repair shop. While at the shop, in the exclusive control of the bailee, the television set is stolen. If the bailee, in an effort to rebut the presumption of negligence, was to show: (1) the shop is located in a low crime area, (2) the shop is equipped with a burglar alarm system, (3) the breaking and entering was apparently the work of well organized professional thieves; this evidence would tend to establish that the loss was occasioned by an unexpected theft in spite of adequate precautions and the bailee could be found free from fault. However, it is possible that different proofs, such as, (1) the shop being located in a high crime area, or (2) no precautions against theft, could justify a finding that the bailee failed to rebut the presumption. Likewise, if the bailed television set was destroyed by fire, proof that the bailee had (1) stored cans of gasoline in the warehouse in case of a gasoline shortage or (2) overloaded the electrical circuitry in the repair department would do little to rebut a presumption of negligence, while proof that (1) the bailee had maintained the repair shop in good order, (2) took precautions or that (3) the fire appeared to be the work of an arsonist, would create a fact question for the jury as to whether the presumption had been refuted.

judgment of the trial court and the decision of the Court of Appeals are reversed, and the case is remanded to the circuit court for trial.

T. G. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with T. M. KAVANAGH, J.